UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

*RECEIVED USDC*
*CLERK, CHARLESTON, SC*
*2019 DEC 12 AM 9:09*

| | |
|---|---|
| Nelson L. Bruce, | ) |
| | ) |
| Plaintiff, | ) Case No.:  2:19-cv-3456-BHH-BM |
| | ) |
| v. | ) |
| | ) |
| | ) COMPLAINT |
| BANK OF AMERICA, N.A. | ) JURY TRIAL DEMANDED |
| (A.K.A. BANK OF AMERICA), et al. | ) |
| | ) |
| Defendants. | ) |

## *COMPLAINT*

Plaintiff, **Nelson L. Bruce**, individually, hereby sues Defendant for violations of the **Fair Credit Reporting Act (FCRA) 15 USC § 1681(b)** as defined in **section 604**.

## *INTRODUCTION*

1. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the **"Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"),"** to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The **FCRA** seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The **FCRA** also imposes duties on the sources that provide credit information to credit reporting agencies, called **"furnishers."**

2. Plaintiff bring this action to challenge the actions of **Bank of America. N.A. ("Defendant"),** with regard to Defendant's unauthorized and unlawful credit inquiry, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## *JURISDICTION AND VENUE*

6. Jurisdiction of this Court arises pursuant to **28 U.S.C. § 1331,** and **28 U.S.C. § 1367** for any supplemental state claims.

7. This action arises out of Defendant's violations of the **Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").**

8. Venue is proper pursuant to **28 U.S.C. §1391** as the Defendant has multiple locations and conducts a substantial amount of business within the District of **South Carolina**.

9. Because Defendant is a corporation with its principle place of business in **Charlotte North Carolina**, and conducts business in South Carolina where a substantial part of the events or omissions giving rise to the claim occurred.

## *PARTIES*

10. Plaintiff, **Nelson L. Bruce,** is a natural person who resides in the State of South Carolina.

11. Upon information and belief Bank of America N.A. (Defendant) is a business operating in the state of South Carolina doing business as Bank of America.

12. Plaintiff is a **"consumer"** as that term is defined by **15 U.S.C. § 1681a(c).**

13. Plaintiff believes, and thereon allege, that Defendant is a "person" as the term is defined by **15 U.S.C. § 1681a(b).**

14. Plaintiff believes, and thereon allege, that Defendant acquired Plaintiffs' credit information through an unauthorized inquiry of Plaintiffs' "consumer report" as that term is defined by **15 U.S.C. 1681a(d)(1).**

## *STATUTORY BACKGROUND*

15. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

16. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." **15 U.S.C. § 1681(a)(4).**

17. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

18. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in **15 U.S.C. § 1681b.**

19. **15 U.S.C. § 1681b(f)** in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

20. The permissible purposes listed in **1681b** usually arise only in connection with transactions initiated by the consumer. See **15 U.S.C. § 1681b(a)(3)(A)-(F).**

## *FACTUAL ALLEGATIONS*

21. At all times relevant to this matter, Plaintiff was an individual residing within the State of South Carolina.

22. At all times relevant, Defendant Bank of America, N.A. was doing business in South Carolina, are an unregistered business as they merged out of existence as referenced with the South Carolina Secretary of State and carried out daily transactions with numerous customers in the District of South Carolina. In addition, Defendant had multiple physical locations and conducts business daily in the City of Summerville, Goose Creek, Charleston, North Charleston, Mount Pleasant, Monck Corner, County of Dorchester, Berkeley, Charleston, State of South Carolina.

23. On or before **March 13, 2017**, Defendant sold and transferred Plaintiffs mortgage account **(account no.: 202985786)** to a third party debt buyer/debt collector as the account that was sold was allegedly in default at the time of the sale and transfer.

24. On **January 4, 2018** Plaintiff pulled his Transunion Credit Report and discovered that on **May 29, 2017, September 16, 2017** and **October 9, 2017,** Defendant submitted an

unauthorized and unlawful credit inquiry in violation of the **FCRA** by submitting an unauthorized credit inquiry to Transunion after they have sold and transferred the Plaintiffs mortgage account to a third party debt buyer/debt collector.

25. Plaintiff did not conduct any business nor incur any additional financial obligations with Defendant since the date they sold and transferred the mortgage account to the third part debt buyer/debt collector.

26. **15 U.S.C. § 1681b** delineates the only permissible uses of, or access to, consumer reports.

27. Since any alleged debt owed to Defendant was sold and transferred by them to a third party, an account review by Defendant was not permitted as permissible purpose to access Plaintiff's consumer report information.

28. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in **15 U.S.C. § 1681b.**

29. Defendant's inquiry does not qualify as a "firm offer of credit" under the FCRA.

30. As a result of Defendant illegal actions, Plaintiff believes his credit score was lowered.

31. Since the Defendant was a main party who conducted, initiated, sold and transferred the Plaintiff's mortgage account to a third party debt buyer/debt collector, they were well aware that the debt was no longer owed to them, that they did not have permissible purpose to review Plaintiff's Transunion credit report because the account relationship was terminated due to the defendants selling and or transferring their rights under plaintiffs mortgage account to the third party, therefore the Defendant's actions were willful.

32. Plaintiff has sent Defendant a **"NOTICE OF INTENT TO SUE"** dated **November 22, 2019** under certified mail number **7018 0360 0001 0343 3719** notifying Defendant that they have **10 days** from receipt of that notice to respond and show proof that they had permissible

purpose and what that permissible purpose was so that we could try to amicably resolve this matter at hand without having to file suit in a court of law. Defendant refused therefore Plaintiff is continuing with his complaint in a court of law for his remedy.

33. The referenced notice was mailed to one of the defendant's location provide on his Transunion report as a contact location, **"P.O. BOX 982238, EL PASO, TX 79998,"** addressed to **"Bank of America"**. A copy of this notice can be produced as an **exhibit** upon request.

### *Reservations of Rights*

34. Plaintiffs hereby reserves the right to amend his complaint to file as a class action lawsuit to include similarly situated consumers who has experienced the same violations by the defendant and have also been damaged by the Defendant's unlawful acts.

### *CAUSES OF ACTION*
### *COUNT I*
### *FAIR CREDIT REPORTING ACT (FCRA)*
### *15 U.S.C. §§ 1681 ET SEQ.*

35. Plaintiff re-alleges and incorporates by reference the information in paragraphs **1 through 35**.

36. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the **FCRA, 15 U.S.C § 1681**.

37. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to **15 U.S.C. § 1681o(a)(1);** statutory damages pursuant to **15 U.S.C. § 1681n(a)(1);** punitive damages as the court may allow pursuant to **15**

U.S.C. § 1681n(a)(2); and reasonable fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) from Defendant.

38. As a result of each and every willful violation of the FCRA, Plaintiffs are entitled to actual damages or damages of not less than **$100** and not more than **$1,000** pursuant to **15 U.S.C. § 1681n(a)(1)(A)**; punitive damages as the court may allow, pursuant to **15 U.S.C. § 1681n(a)(2)**; and reasonable fees and costs pursuant to **15 U.S.C. § 1681n(a)(3)** from Defendant.

39. Defendant's has demonstrated willful or knowing non-compliance with **15 U.S.C. §§ 1681** by pulling the plaintiffs' Transunion report without permissible purpose knowing that they sold and transferred the mortgage account of plaintiffs' to a third party on or before **March 13, 2017**.

40. Defendants has willfully committed 3 separate violations of **15 U.S.C. §§ 1681** and Plaintiff is entitled to damages of **$1,000** per violation.

## *PRAYER FOR RELIEF*

41. **WHEREFORE,** Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendant, as follows:

### *COUNT I*
### *FAIR CREDIT REPORTING ACT (FCRA)*
### *15 U.S.C. §§ 1681 ET SEQ.*

42. An award of actual damages pursuant to **15 U.S.C. § 1681n(a)(1);**

43. An award of statutory damages pursuant to **15 U.S.C. § 1681n(a)(1);**

44. An award of punitive damages in the amount of treble damages or as the Court may allow pursuant to **15 U.S.C. § 1681n(a)(2);** and

45. An award of costs of litigation and fees, pursuant to **15 U.S.C. § 1681n(a)(3),** and **15 U.S.C.**

§ **1681(o)(a)(1)** against Defendant for each incident of negligent noncompliance of the FCRA.

## TRIAL BY JURY

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date this 10th day of **December, 2019**.

Respectfully Presented,         "Without Prejudice"

*Nelson L. Bruce*
Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o 144 Pavilion Street
Summerville, South Carolina 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com