IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Charleston Division

| | |
|---|---|
| Nelson L. Bruce, | ) |
| | ) |
| Plaintiff, | ) Civil Act. No. 2:19-cv-03456 |
| | ) |
| v. | ) |
| | ) |
| Bank of America, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND PLEADINGS**

Pursuant to Rules 16(b) and 15(a) of the Federal Rules of Civil Procedure, Defendant Bank of America, N.A. ("BANA"), by counsel, hereby objects to the Motion to Amend Pleading ("Motion to Amend") filed by Plaintiff Nelson L. Bruce ("Plaintiff"). Because nothing in the Motion demonstrates that good cause compels modification of the Court's scheduling order or that the amendment of the Plaintiff's complaint is not futile, Plaintiff's Motion to Amend should be denied.

**INTRODUCTION**

Mr. Bruce's attempt to amend his pleadings must be denied. First, Mr. Bruce's motion to amend is not timely, and he failed to explain why the court should grant him additional time to file an untimely Motion to Amend. Second, even if the court granted additional file the Motion to Amend, amendment under Rule 15(a) of the Federal Rules is not possible because the proposed amendment is futile. Here, the allegations in Mr. Bruce's amended complaint show that his new Fair Credit Report Act ("FCRA") claim and South Carolina Consumer Protection Code

("SCCPC") claim are time barred. Additionally, the SCCPC claim is preempted by the FCRA. Accordingly, the untimely Motion to Amend must be denied.

## BACKGROUND

This case is Mr. Bruce's sixth case involving Bank of America, N.A. As noted in BANA's response to Mr. Bruce's *Petition for Order Confirming Arbitration Award* in case no. 2:19-cv-02584,[1] this action is advancing during the pendency of a state-court foreclosure that is before the S.C. Court of Common Pleas for Dorchester County, South Carolina ("State Court"). Being largely unsuccessful with litigating the merits of the foreclosure action before the State Court, Mr. Bruce is now attempting to amend his complaint for this action to allege time barred an additional FCRA and state law claims. Moreover, the FCRA preempts the state law claim alleged in the Motion to Amend.

Currently, Mr. Bruce's complaint alleges a violation of the FCRA arising from purported unauthorized credit inquiries by BANA after BANA purportedly transferred ownership Mr. Bruce's mortgage loan to third party. (ECF. No. 1, Compl. ¶¶ 23-24.) In the amended complaint, Mr. Bruce wants to allege additional violations of the FCRA and the SCCPC based upon purported inaccurate reporting, defective investigation, and unfavorable resolution of Mr. Bruce's credit disputes by BANA; his loan servicer, Carringtom Mortgage Services LLC; and Experian Information Solutions, Inc. (ECF No. 39, Mot. to Am. ¶¶ 17-24.) As detailed in the following arguments, none of these new claims are viable under existing federal or state law. Thus, Mr. Bruce's motion to amend complaint must be denied because his amendments to assert these new claims are futile.

---

[1] BANA's *Response in Opposition to Petition for Order Confirming Arbitration Award* provides a summary of the multiple cases the Mr Bruce has with BANA. (*See, Bruce v. Bank of America, N.A., et al.*, Civ Act No. 2:19-cv-2854, Doc No. 44 at pp. 2-4.)

## STANDARD FOR DECISION

"Once a scheduling order's deadline for amendment of pleadings has passed, a movant must ***first*** demonstrate to the court that it has a 'good cause' for seeking modification of the scheduling deadline under Rule 16(b)." *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997) (emphasis theirs). "If the movant satisfies Rule 16(b)'s 'good cause' standard, it must ***then*** pass the requirements for amendment under Rule 15(a)." *Id.* (emphasis theirs). In the Fourth Circuit, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey,* 438 F.3d 404, 426-27 (4th Cir. 2006) (quoting *Johnson v. Oroweat Food Co..* 785 F.2d 503, 509 (4th Cir. 1986)).

## ARGUMENT

### I.    Mr. Bruce's non-compliance with the Court's scheduling order compels denial of the Motion to Amend.

Pursuant to the Court's scheduling order, the late-filed Motion to Amend must be denied. Mr. Bruce filed his Motion to Amend on August 18, 2020, when he filed a reply to BANA's response in opposition to his motion for extension of time to file amended pleadings. (ECF No. 37, Text Order.) The Court's scheduling order, however, required any motion to join other parties or amend pleadings to be filed "no later than July 24, 2020." (ECF No. 23.) In the District of South Carolina, "[o]nce a scheduling order's deadline for amendment of pleadings has passed, a movant must ***first*** demonstrate to the court that it has a 'good cause' for seeking modification of the scheduling deadline under Rule 16(b)." *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997) (emphasis theirs).

Neither Mr. Bruce's Motion for Extension of Time (ECF No. 29) nor the Motion to Amend details any good cause for the Court to consider the late-filed Motion to Amend under Rule 16(b).

Further, this Court has already entered an order denying Mr. Bruce's request for additional time to file a motion to amend pleadings. Therefore, the Motion to Amend must be denied as untimely.

As explained by this Court previously, "good cause" in the context of extension of time under Rule 16(b) "means that the scheduling deadlines cannot be met despite a party's diligent efforts." *Id.* (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice* § 1522.1 at 231 (2d ed. 1990)). Here, the Motion to Amend actually reflects that Mr. Bruce failed to exercise any diligence whatsoever to assert his new FCRA claim and SCCPC claim within the prescribed statute of limitations. In the Motion to Amend, Mr. Bruce concedes that he was aware of the facts and circumstances giving rise to all of his FCRA claims and SCCPC claim by stating that his "[d]iscovery of the violations brought forth herein this amended complaint started in September 2015…." (ECF 39, Mot. to Am. at ¶ 59.) Moreover, the letter that is dated November 9, 2015 and is appended to the Motion to Amend confirms that Mr. Bruce knew of the issues arising from the appearance a mortgage loan with BANA on his Experian credit report in 2015. (ECF 39-1, Exhibits to Mot. to Am. at 2-3.) Waiting over four years to assert the new FCRA and SCCPC claims that he wants to add to his action is not the due diligence contemplated by Rule 16(b) to permit consideration of the late-filed Motion to Amend. Accordingly, the Motion to Amend should be denied for non-compliance with the Court's scheduling order.

II. **Because the new FCRA and SCCPC claims are time barred and because the SCCPC claim is preempted, Mr. Bruce's proposed amendments are futile.**

Even if the Court decided to consider the late-filed Motion to Amend, the Motion must still be denied because the proposed amendment is futile. Here, the new FCRA and SCCPC claims are time barred. Additionally, the FRCA preempts SCCPC claim. Under these circumstances, the Motion to Amend must be denied. *See, e.g., Meisner v. Zymogenetics, Inc.*, C/A No,. 3:15-cv-3523-CMC, 2016 WL 4858741, at *6-*7 (D.S.C. Sep. 15, 2016) (denying motion to amend

complaint where additional claims were barred by applicable statute of limitation and doctrine of *res judicata*).

### a. Applicable statutes of limitation preclude the new FCRA and SCCPC claims identified in the Motion to Amend.

Both the new FCRA claim and SCCPC claim in the Motion to Amend are time barred.

In his proposed amended complaint, Mr. Bruce alleges that his new FCRA claim and the SCCPC claim are based upon allegedly inaccurate credit reporting of a mortgage loan tradeline the he thinks is not his. (ECF 39-1, Exhibit to Mot. to Am. at 2-3.) He also alleges that the mortgage loan was inaccurately reported with an incorrect balance (ECF 39, Mot. to Am. at ¶ 63) and was not verified or enforced by the holder of the mortgage loan. (*Id.* at ¶ 64.) In short, Mr. Bruce believes that the appearance of the mortgage loan identified in his proposed amended complaint on his credit report and the failure to remove the mortgage loan from this credit report violate the FCRA and SCCPC. Critically, however, the Motion and materials appended to it reflect that Mr. Bruce was aware of these issues with the mortgage loan tradeline appearing on his credit report in 2015. (*Id.* at ¶ 69.)

Thus, under the allegations in the proposed amended complaint, Mr. Bruce's new FCRA claim is barred by the two-year statute of limitation provided by 15 U.S.C. § 1681p. *See Croft v. Bayview Loan Servicing, LLC*, 166 F. Supp. 3d 638 (D.S.C. 2016). Additionally, the SCCPC claim—which is based on the same allegations giving rise to the new FCRA claim—is barred by the three-year statute of limitation prescribed by S.C. Code Ann. § 15-3-540(2). *See Tilley v. Pacesetter Corp.*, 508 S.E. 2d 16, 20 (S.C. Sup. Ct. 1998) (applying three-year statute of limitation of § 15-3-540(2) to SCCPC chapter that contained no other limitation period).

### i. The FCRA's two-year limitation period bars the new FCRA claim alleged in Mr. Bruce's Motion to Amend.

Mr. Bruce's new FCRA claim is time barred. The FCRA precludes claims asserted more than two years after discovery of an FCRA violation as follows:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, *not later than the earlier of—*
>
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p (emphasis added).

In the Motion to Amend, Mr. Bruce states that he discovered the circumstances giving rise to the new FCRA claim as early as September 2015. (ECF 39, Mot. to Am. at ¶ 69; ECF 39-1, Exhibits to Mot. to Am. at 2-3.) Because Mr. Bruce admits discovering the FCRA violations giving rise to his new claims "in the month of September 2015," the two-year limitation period applies. *See, e.g., Croft,* 166 F. Supp. 3d at 641 (applying two-year statute of limitation where plaintiff's deposition testimony reflected knowledge of alleged FCRA violation as of October 30, 2012). Accordingly, because Mr, Bruce is trying to amend his complaint to assert his additional FCRA claim as of December 12, 2019—which is the date he filed his original complaint and more than four years after discovery of the alleged violation—the additional FCRA claim is time barred and futile.

### ii. The three-year statute of limitation provided by S.C. Code Ann. § 15-3-540(2) precludes the SCCPC claim.

The SCCPC claim identified in the Motion to Amend is also time barred. According to Mr. Bruce, the SCCPC claim is based on the same allegations giving rise to the new FCRA claim.

(ECF 39 Mot. to Am. at ¶¶ 126-130.) Thus, Mr. Bruce also knew of the circumstances giving rise to the SCCPC claim as of September 2015. Under South Carolina law, claims asserted under S.C. Code Ann. § 37-20-110 *et seq.* are subject to the three year statute of limitation provided by S.C. Code Ann. § 15-3-540(2). *See Tilley v. Pacesetter Corp.*, 508 S.E. 2d 16, 20 (S.C. Sup. Ct. 1998) (applying three-year statute of limitation of § 15-3-540(2) to SCCPC chapter that contained no other limitation period). Because Mr. Bruce is attempting to amend the original complaint to assert his SCCPC claim as of December 12, 2019, which is more than four years after his discovery of the circumstances giving rise to the claim, the SCCPC claim is time barred under South Carolina law and futile.

### b. The SCCPC claim fails because the FCRA preempts it.

In addition to being time barred, the SCCPC claim is preempted by the FCRA. *See Muntean v. Discover Fin. Servs.*, C/A No. 6:13-cv-1151-HMH, 2013 WL 2636003, at *4 (D.S.C. June 12, 2013) (holding that the FCRA's preemption provision preempts claims under S.C. Code Ann. § 37-20-170). In the Motion to Amend, Mr. Bruce focuses on BANA's alleged reporting of inaccurate information, alleged failure to investigate his dispute, and alleged failure to correct or remove the mortgage loan tradline from his credit report as the basis to assert his SCCPC claim. (ECF 39, Mot. to Am. at ¶¶ 127-129.)

The Court addressed similar allegations in *Muntean v. Discover Fin. Servs* and applied the doctrine of preemption to dismiss a plaintiff's FCRA claim based on a furnisher's inaccurate reporting. *Muntean*. 2013 WL 2636003, at *4. Critically, the Court recognized that the activities that Mr. Bruce alleges to raise his SCCPC claim are squarely regulated by the FCRA under 15 U.S.C. § 1681s-2, which the Fourth Circuit described as follows:

> Section 1681s–2 describes the responsibilities of those who report credit information to CRAs. Section 1681s–2(a) explains the "[d]uty of furnishers of

information to provide accurate information," which includes correcting any errors in reporting. 15 U.S.C. § 1681s–2(a)(1)–(2). Section 1681s–2(b) contains the duties of furnishers of information "[a]fter receiving notice ... of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s–2(b)(1). These duties include conducting an investigation into the dispute and correcting any errors discovered with the CRAs.

*Ross v. F.D.I.C.*, 625 F.3d 808, 812 (4th Cir. 2010)

In the Motion to Amend, it is clear that Mr. Bruce wants to secure a remedy under the SCCPC for BANA's alleged inaccurate credit reporting and purported failure to investigate an inaccuracy on his credit report and correct it. (ECF 39, Mot. to Am. at ¶¶ 126-130.) But because such activities are directly regulated by the provisions of 15 U.S.C. § 1681s-2, the FCRA preempts the SCCPC claim. *See* 15 U.S.C. § 1681t(b)(1)(F); *see also Muntean.* 2013 WL 2636003 at *4 (quoting in part *Ross* 625 F.3d 808 at 812). Accordingly, amendment of the complaint to include the SCCPC claim is also futile under the doctrine of preemption.

## **CONCLUSION**

The Motion to Amend was not timely filed. Further, the allegations in the Motion to Amend show that the additional FCRA and SCCPC claims are time barred under applicable statute of limitations, and the SCCPC claim is also preempted by FCRA's provisions. Accordingly, Mr. Bruce's Motion to Amend is futile. Given the substantive defects in the Motion to Amend, the Court should deny the Motion to Amend and grant BANA such further relief that is just and warranted.

Respectfully submitted on this 25th day of August, 2020.

By: /s/ Brian A. Calub
Brian A. Calub (Fed No. 9836)
McGuireWoods LLP
201 North Tryon Street, Suite 3000
Charlotte, NC

Tel: (704) 343-2009
Fax: (704) 373-8844
Email: bcalub@mcguirewoods.com

*Counsel for Defendant Bank of America, N.A.*

# CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2020, the foregoing *Defendant's Response in Opposition to Plaintiff's Motion to Amend Pleadings* was filed via the court's CM/ECF system and served by First Class U.S. Mail with postage prepaid upon the following:

Nelson L. Bruce
144 Pavilion Street
Summerville, SC 29483

*Pro Se Plaintiff*

/s/ Brian A. Calub
Brian A. Calub (Fed No. 9836)
McGuireWoods LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202-2146
Tel: (704) 343-2009
Fax: (704) 373-8842
Email: bcalub@mcguirewoods.com

*Counsel for Defendant Bank of America, N.A.*