**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**Charleston Division**

| | |
|---|---|
| Nelson L. Bruce, | ) |
| | ) |
| Plaintiff, | ) Civil Act. No. 2:19-cv-03456-BHH-KDW |
| | ) |
| v. | ) |
| | ) |
| Bank of America, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

On September 11, 2020 and September 23, 2020, Plaintiff Nelson L. Bruce served written discovery requests upon Defendant Bank of America, N.A. ("BANA") in an attempt to litigate matters at issue in a separate pending state-court foreclosure action, in the above captioned Fair Credit Reporting Act ("FCRA") action. Only two of the written discovery requests served by the Plaintiff concern the FCRA claims alleged in Plaintiff's complaint. Accordingly, BANA seeks a protective order from the Court striking Plaintiff's improperly served and irrelevant discovery requests to limit Plaintiff's discovery to matters concerning the FCRA allegations and related defenses in the parties' pleading.

**BACKGROUND**

On March 30, 2009, Mr. Bruce originated a mortgage loan with Countrywide Bank, FSB by signing a note and mortgage.[1] In connection with the mortgage loan transaction with Countrywide, Mr. Bruce also signed an amended note.[2] Servicing of Mr. Bruce's mortgage loan

---

[1] Exhibit 1, Note & Exhibit 2, Mortgage.
[2] Exhibit 3, Amended Note.

Page **1** of **8**

was effectively transferred to BANA on July 1, 2011.[3] Shortly thereafter, the mortgage was assigned to BANA on September 2, 2011.[4] Because Mr. Bruce defaulted on paying the monthly payments required by the mortgage loan, BANA filed a foreclosure action against Mr. Bruce with the Court of Common Pleas for Dorchester County, South Carolina ("State Court") under case no. 2016-CP-18-01678 ("State Court Action") on August 19, 2016. During the course of the foreclosure action, BANA transferred the servicing for Mr. Bruce's mortgage loan to Carrington Mortgage Services, LLC on May 2, 2017.[5] Additionally, because BANA assigned Mr. Bruce's Mortgage to Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust C ("Wilmington") on May 17, 2017, the State Court entered an order substituting Wilmington for BANA as the foreclosing plaintiff in the State Court Action.[6]

Mr. Bruce initiated this action by filing his complaint with the Court on December 12, 2019. This is Mr. Bruce's fifth lawsuit involving BANA before this court.[7] In his complaint, Mr. Bruce alleges that BANA violated the FCRA by purportedly making unauthorized credit account inquiries on May 29, 2017; September 16, 2017; and October 9, 2017 *after* BANA sold or transferred his mortgage loan account to a third party.[8] By these allegations, Mr. Bruce admits the existence of a mortgage loan account that created a debtor-creditor relationship between him and BANA. More importantly, none of the allegations in Mr. Bruce's complaint include any allegations challenging the existence of the mortgage loan account that BANA transferred, servicing for the mortgage loan account, or any matters concerning the State Court Action.

---

[3] Exhibit 4, Notice of Servicing Transfer from BAC Home Loans Servicing, LP to BANA.
[4] Exhibit 5, Assignment of Mortg. from Mortgage Electronic Registration Systems to BANA.
[5] Exhibit 6, Notice of Serv. Transfer from BANA to Carrington Mortgage Services, LLC.
[6] Exhibit 7, Ord. Substituting Plaintiff.
[7] The Court's records reflects that Mr. Bruce has filed 4 other separate actions against BANA with the court and attempted to remove the State Court Action.
[8] Compl. ¶¶ 23-24.

Nevertheless, despite the specific allegations made for his FCRA claim, Mr. Bruce served interrogatories and requests for production upon BANA on September 11, 2020, via a document entitled "Affidavit of Discovery."[9] Thereafter, Mr. Bruce served additional requests for admission upon BANA.[10]

In the "Affidavit of Discovery," Mr. Bruce admits that he served his discovery requests to obtain information concerning the origination, servicing, and transfer of his mortgage loan.[11] From paragraph 17 of the Affidavit of Discovery through paragraph 60, Mr. Bruce asks for the production of documents and materials. But only 2 of 43 requests for production seek any information related to credit reporting.[12] All of the other requests seek materials that concern the origination, servicing, and transfer of Mr. Bruce's mortgage loan, which is being litigated in the State Court Action. In addition to the requests for production, Mr. Bruce served 74 interrogatories that sought information and materials about the following topics:

- Loan Accounting & Servicing Systems;
- Debits & Credits;
- Mortgage & Assignments;
- Attorney's Fees;
- Suspense/Unapplied Accounts;
- Late Fees;
- Property Inspections;
- BPO Fees; and
- Force-Placed Insurance.[13]

After serving the "Affidavit of Discovery," Mr. Bruce served 34 requests for admission upon BANA on September 23, 2020.[14] In his requests for admission, Mr. Bruce seeks admissions

---

[9] Exhibit 8, Aff. of Disc.
[10] Exhibit 9, Pl. Req. for Adm.
[11] Exhibit 8, Aff. of Disc. at 3, ¶¶ 7-16.
[12] The only 2 credit reporting discovery requests in the Affidavit of Discovery seeking credit reporting information are discovery requests nos. 57 and 58. (Exhibit 8, Aff. of Disc. at 7, ¶¶ 57-58.)
[13] Exhibit 8, Aff. of Disc. at 7-12, ¶¶ 61-159.
[14] Exhibit 9, Pl. Req. for Adm.

concerning the following matters that are irrelevant to advancing or defending Mr. Bruce's FCRA claim, which arises from purported credit inquiries that Mr. Bruce allegedly did not authorize after BANA transferred his mortgage loan to a third-party:

- A bank charter;[15]
- The circumstances surrounding the origination of Mr. Bruce's mortgage loan and how it was funded by the originating lender;[16]
- Advertising practices;[17]
- Definition for "money"; [18]
- The U.S. Constitution's and the United States Code's provisions related to legal tender and "bills of credit";[19]
- BANA's purported membership in the federal reserve and accounting practices;[20] and
- BANA's ability to transfer Mr. Bruce's mortgage loan;[21]
- The terms of the mortgage loan and the right to collect interest thereunder;[22] and
- Reporting of payment delinquencies on the trade line for Mr. Bruce's mortgage loan.[23]

Other than the two discovery requests related to credit reporting, all of the discovery requests served by Mr. Bruce are overly broad, unduly burdensome and irrelevant to Mr. Bruce's pending FCRA claim, which is narrowly pleaded as a dispute over credit inquiries that occurred without Mr. Bruce's authorization after BANA transferred Mr. Bruce's admitted mortgage loan account to a third-party.  Furthermore, Mr. Bruce's discovery requests are an improper attempt to introduce new and substantively defective FRCA and state law theories of liability that arise from purported improper delinquent payment reporting without leave of court to amend his pleadings.[24] Accordingly, under the circumstances of this case, the court should enter a protective order that

---

[15] Exhibit 9, Pl. Req. for Adm. at 1st Set at 3-4, ¶¶ 1, 4-6 & at 2nd Set at 4, ¶ 2.
[16] Exhibit 9, Pl. Req. for Adm. at 1st Set at 3, ¶¶ 2-3, 7-8, 10-12, 14 & 2nd Set at 4, ¶¶ 4, 7-8.
[17] Exhibit 9, at 1st Set at 3, ¶ 13 & 2nd Set at 4, ¶ 1.
[18] Exhibit 9, at 1st Set at 4, ¶ 15 & 2nd Set at 5, ¶ 5.
[19] Exhibit 9, at 1st Set at 4, ¶¶ 16-17, 22.
[20] Exhibit 9, at 1st Set at 4, ¶¶ 18-21.
[21] Exhibit 9, at 1st Set at 3, ¶ 9.
[22] Exhibit 9, at 1st Set at 4, ¶ 23 & 2nd Set at 4-5, ¶¶ 3, 6, 9-10.
[23] Exhibit 9, at 1st Set at 4, ¶ 24.
[24] At this time, the court is evaluating a late-filed motion to amend pleadings in which Mr. Bruce is attempting to add a time-barred FCRA claim and pre-empted state-law claim to this action. *See* ECF No. 41, BANA's Opposition Mem. to Pl. Mot. to Amend.

BANA only be required to respond to the credit reporting discovery requests for the relevant time period alleged in the complaint; strike improperly served discovery requests; and excuse BANA from responding to all other written discovery requests served by Mr. Bruce.

## STANDARD FOR DECISION

Parties to civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense," including any information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, while the parties' ability to obtain information through civil discovery is broad, it is not without limits. *See, e.g., Oppenheimer Fund, Inc. v.* Sanders, 437 U.S. 340, 351 (1978)("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries."); *WLR Foods, Inc. v. Tyson Foods, Inc.*, 65 F.3d 1172, 1186-87 (4th Cir. 1995). In determining relevance for discovery purposes, the district court has "substantial discretion." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.*, 43 F.3d 922, 929 (4th Cir. 1995). Matters protected by attorney-client privilege, however, are not subject to discovery, as the "very nature of the privilege is that it excludes relevant evidence because doing so 'has a public good transcending the normally predominate principal of utilizing all rational means for ascertaining truth.'" *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998) (quoting *Trammel v. United States*, 445 U.S. 40, 50 (1980)). Rule 26(c) allows a court to issue a protective order on a showing of good cause by the party seeking protection from discovery.

## ARGUMENT

**I.     BANA should only be required to respond to the two discovery requests in Mr. Bruce's "Affidavit of Discovery" related to credit reporting.**

Only the following two requests for production in Mr. Bruce's "Affidavit of Discovery" concern credit reporting:

> 57. Produce all records evidencing requests for credit pulls of plaintiff's credit report with Experian, Equifax, and Transunion from March 2017 to present.
>
> 58. Produce all verified responses to disputes/correspondences you received from Plaintiff and any and all credit bureaus from January 2015 to present.[25]

BANA will provide timely written responses and production of non-privileged materials in response to these relevant discovery requests. As detailed previously in this brief, none of the other discovery requests in the "Affidavit of Discovery" or any of Mr. Bruce's requests for admissions concern credit reporting. Furthermore, Mr. Bruce admits the existence of debtor-creditor relationship with BANA by pleading the existence of a mortgage loan account that BANA held and then transferred to a third-party.[26] Indeed, the State Court has conclusively recognized BANA's transfer of Mr. Bruce's mortgage loan account to a third-party in its order for substitution of plaintiff in the State Court Action.[27] To this end, there is no dispute over the existence of Mr. Bruce's mortgage loan account or BANA's transfer of Mr. Bruce's mortgage loan account to a third-party. Further, none of the allegations in Mr. Bruce's complaint address the origination of Mr. Bruce's mortgage loan or BANA's servicing of it.[28] Here, discovery related to the existence of the mortgage loan account identified in Mr. Bruce's complaint and transfer of that mortgage loan account are not in dispute.

Accordingly, BANA should be excused from responding to all discovery requests, including all of the requests for admission, beyond the two credit reporting inquiries served by Mr. Bruce in his "Affidavit of Discovery."

---

[25] Exhibit 8, Aff. of Disc. at 7, ¶¶ 57 & 58.
[26] Compl. ¶¶ 23-24.
[27] Exhibit 7, Ord. Substituting Plaintiff.
[28] Compl. *passim.*

**II.    Because Mr. Bruce's interrogatories exceed the 25 interrogatories permitted by Rule 33 of the Federal Rules, the extraneous interrogatories should be stricken and BANA should be excused from responding to them.**

Rule 33(a) expressly limits the number of interrogatories that any party to federal action can serve to 25 interrogatories including all discrete subparts. Fed. R. Civ. P. 33(a) ("[A]ny party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts…."). Beginning with written discovery request no. 61 and ending with request no. 159 in Mr. Bruce's "Affidavit of Discovery," Mr. Bruce propounds 99 interrogatories on BANA in clear violation of the provisions of Rule 33(a). Accordingly, the interrogatories comprised of the discovery requests from paragraph 86 to paragraph 159 in Mr. Bruce's "Affidivit of Discovery" should be stricken, and BANA should be excused from responding to them because these interrogatories exceed the 25 written interrogatories permitted by Rule 33(a).

## CONCLUSION

For good cause shown, BANA prays that the court grant BANA's motion for protective order and enter an order that permits BANA to only respond to the written discovery requests numbered 57 and 58 in Mr. Bruce's "Affidavit of Discovery," which concern credit reporting, and strikes all other discovery requests in Mr. Bruce's "Affidavit of Discovery" and his Requests for Admission

Respectfully submitted on this 29th day of September, 2020.

By: /s/ Brian A. Calub
Brian A. Calub (Fed No. 9836)
McGuireWoods LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202-2146
Tel:  (704) 343-2009
Fax:  (704) 373-8844
Email:  bcalub@mcguirewoods.com
*Counsel for Defendant Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2020, the foregoing *Defendant's Motion for Protective Order* was filed via the court's CM/ECF system and served by First Class U.S. Mail with postage prepaid upon the following:

Nelson L. Bruce
144 Pavilion Street
Summerville, SC 29483

*Pro Se Plaintiff*

/s/ Brian A. Calub
Brian A. Calub (Fed No. 9836)
McGuireWoods LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202-2146
Tel:  (704) 343-2009
Fax:  (704) 373-8842
Email:  bcalub@mcguirewoods.com

*Counsel for Defendant Bank of America, N.A.*