IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce, | ) C/A No. 2:19-03456-BHH-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Report and Recommendation |
| | ) |
| Bank of America, N.A., (A.K.A. Bank of AMERICA), et al., | ) |
| | ) |
| Defendant. | ) |
| | ) |

On December 12, 2019, Plaintiff, appearing pro se, filed this action maintaining a claim against Defendant for violations of the Fair Credit Reporting Act ("FCRA"). *See* ECF No. 1. On August 18, 2020, Plaintiff filed what he captioned as an "Amended Verified Complaint for Declaratory and Injunctive Relief. . . ." which was docketed as a Motion to Amend his Complaint. ECF No. 39.[1] Defendant Bank of America filed a Response in Opposition to Plaintiff's Motion to Amend on August 25, 2020. ECF No. 41. On September 2, 2020, Plaintiff replied to Defendant's Response in Opposition to his Motion. ECF No. 43. Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B) (2)(e), the undersigned is authorized to review all pretrial matters in this pro se case and to submit findings and recommendations to the district judge. The undersigned recommends Plaintiff's Motion to Amend, ECF No. 39, be denied as explained herein.

I.      **Arguments to the Court regarding Amendment**

In his Motion to Amend, Plaintiff maintains that a Dorchester County Court of Common Pleas recently dismissed his counterclaims and refused to allow him to "enjoin" certain

---

[1] Under the existing scheduling order, ECF No. 23, the deadline to file a Motion to Amend the Pleadings was on or before July 24, 2020. Though Plaintiff filed for an extension of the deadline, his Motion was denied. *See* ECF No. 33.

Defendants. ECF No. 39. In his proposed Amended Complaint, Plaintiff seeks to add Carrington Mortgage Services, LLC, and Experian Information Solutions, Inc., as Defendants. *Id.* To avoid a statute-of-limitations issue, Plaintiff maintains he must add FCRA claims and causes of action pursuant to the South Carolina Consumer Protection Code ("SCCPC") against these parties and against Defendant Bank of America, N.A.. *Id.* at 2. Plaintiff represents that his time to bring a cause of action will toll (or tolled) in August of 2020, "which is 5 years from the first violation date. . . ." *Id.* In the body of his Amended Complaint, Plaintiff references sections of the FCRA and the South Carolina Code. *Id.* at 2-6.  Plaintiff alleges that he is a "victim of inaccurate reporting" by Defendants. *Id.* at 7.  He maintains he disputed several erroneous reports related to his credit on the following dates:  June 2015; October 2015; November 2015; September 2016; and June 2019. *Id.*

Defendant opposes Plaintiff's Motion to Amend arguing it is untimely and should be denied pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. ECF No. 41. Specifically, Defendant argues it would be futile to allow Plaintiff to amend his pleadings. *Id.* Defendant argues Plaintiff's amended causes of action are time barred and further alleges that any purported claims that arise under the SCCPC are preempted by the FCRA.  *Id.* at 1-2.

## II.    Standards of Review

A "two-step analysis" is required when a motion to amend the pleadings and join additional parties is filed after the scheduling order deadline.  *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.), *aff'd sub nom*. *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 129 F.3d 116 (4th Cir. 1997).  Once a scheduling order's deadline for amendment of pleadings has passed, a movant must *first* demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b). *Id.* (emphasis in original). If the movant satisfies Rule

16(b)'s "good cause" standard, it must *then* pass the requirements for amendment under Rule 15(a). *Smith v. United Parcel Service, Inc.,* 902 F.Supp. 719, 720 (S.D.W.V. 1995); *Marcum v. Zimmer,* 163 F.R.D. 250–254 (S.D.W.V. 1995); *Forstmann v. Culp,* 114 F.R.D. 83, 85–86 (M.D.N.C. 1987); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992). Rule 16 was drafted to prevent parties from disregarding the agreed-upon course of litigation. The Rule assures the court and the parties that "at some point both the parties and the pleadings will be fixed." *Jordan v. E.I. du Pont de Nemours,* 867 F.Supp. 1238, 1250 (D.S.C. 1994) (*citing Johnson,* 975 F.2d at 610). Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. *Smith,* 902 F.Supp. at 720; *Marcum,* 163 F.R.D. at 254; *Forstmann,* 114 F.R.D. at 85; *Johnson,* 975 F.2d at 609.

Under Rule 15(a), the decision to grant leave to amend a complaint is committed to this court's discretion. *Foman v. Davis,* 371 U.S. 178, 182 (1962). Rule 15(a) stipulates that leave may be granted "when justice so requires." Leave to amend under Rule 15(a) is not granted automatically. *Deasy v. Hill,* 833 F.2d 38, 40 (4th Cir. 1987). A motion to amend the complaint under Rule 15(a) should be made "as soon as the necessity for altering the pleading becomes apparent." *Id.* at 41 (internal citation omitted).

III.    **Arguments**

a.  **Effect of Non-Compliance with Scheduling Order**

Defendant maintains that Plaintiff is required to demonstrate to the court that there is "good cause" for seeking modification of the scheduling order under Rule 16(b).  ECF No. 41 at 3.

Defendant argues Plaintiff does not detail good cause in either his Motion for an Extension of Time, ECF No. 29, or his Motion to Amend, ECF No. 39. *Id.* Moreover, Defendant argues that Plaintiff failed to exercise any diligence whatsoever to assert his new FCRA and SCCPC claims. *Id.* at 4. In response, Plaintiff maintains he attempted to get an enlargement of the timeframe, and therefore his Motion to Amend was not untimely.

Plaintiff also argues that he was prevented from filing the FCRA and SCCPC claims he wishes to now add because they were pending in state court. ECF No. 43. According to Plaintiff, these claims were only recently dismissed by the state court. *Id.* at 4-5. The undersigned finds that Plaintiff has failed to offer any good cause for his delay in moving to amend his Complaint, including his argument that he initially chose to bring an action in state court. *See* ECF Nos. 29, 36, 43. Therefore, Plaintiff has failed to comply with the requirements of Rule 16(a). Accordingly, the undersigned recommends that his Motion to Amend be denied. Out of an abundance of caution, and because Plaintiff is appearing pro se, the undersigned will also consider whether Plaintiff can meet the requirements of Rule 15(a) in the following section.

### b. Statutes of Limitations

Alternatively, Defendant argues that Plaintiff's newly-added FCRA claims and SCCPC claims are time barred. ECF No. 41 at 4. Specifically, Defendant maintains that Plaintiff's FCRA claims are barred by a two-year statute of limitations provided by 15 U.S.C. § 1681p. *Id.* at 5. Further, Defendant maintains the SCCPA claims are barred by a three-year statute of limitations that applies to section 15-3-540(2) of the South Carolina Code. *Id.*

#### 1. FCRA Statute of Limitations

As indicated above, Plaintiff maintains he disputed several erroneous reports related to his credit on the following dates: June 2015; October 2015; November 2015; September 2016; and

June 2019. *Id.* Notably, Plaintiff does not disclose the dates of the erroneous reports—only that he made disputes regarding them in 2015 and 2016.  *See id.*  Moreover, he maintains he made *new* disputes in October of 2018 and June of 2019, which he argues tolled the applicable statutes of limitations. *Id.* In his Reply, Plaintiff argues that "a consumer can create a new cause of action for time-barred claims by just making a new dispute and, even then, claim is tolled until consumer discovers that the furnisher's reinvestigation was unreasonable."  ECF No. 43 at 2. Plaintiff agrees that the purported violations have been going on since about September of 2015, to the present. *Id.* Plaintiff focuses on investigation results as the time on which his statute began to run. *Id.* at 6.

A consumer may recover actual damages for willful or negligent noncompliance with the mandates set forth in the FCRA.  15 U.S.C.A. § 1681n-§ 1681o. The specific language concerning the application statute of limitations within the FCRA indicates:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C.A. § 1681p.

The pertinent question before the court is the date on which Plaintiff knew or should have known, through the exercise of due diligence, that a cause of action might exist. *See Croft v. Bayview Loan Servicing, LLC*, 166 F. Supp. 3d 638, 641 (D.S.C. 2016) ("The two-year period is the relevant statute of limitations for Plaintiff's FCRA claim in this case, and, consequently, the limitations period begins to run when a party knows or should know, through the exercise of due diligence, that a cause of action might exist.").  In *Croft*, a South Carolina District Court held a

plaintiff's FCRA action was barred when she brought it more than two years after she received notice of a letter indicating alleged erroneous credit reporting. *Id.* at 642. However, in another matter, the district court found a FCRA claim may not be time barred when the plaintiff brought the matter the same month she learned the defendant was reporting two accounts on her credit report. *See Steffens v. Am. Exp. Travel Related Servs. Inc.*, No. CR. 607-CV-01807-GRA, 2009 WL 102812 (D.S.C. Jan. 14, 2009). Specifically, in *Steffens*, the court denied Defendant's summary judgment motion on untimeliness because plaintiff's statute of limitations could have begun to run after the cardholder realized that the creditor was reporting two accounts on her credit report. *Id.* Therefore, the date of discovery of an alleged erroneous report triggers the running of the statute of limitations.

Here, Plaintiff argues, without citing any authority, that he can create a new cause of action for time-barred claims by making a new or renewed dispute. ECF No. 43 at 2. Further, he alleges that the statute of limitations is tolled until he discovers that the report's reinvestigation was unreasonable. *Id.* Thus, Plaintiff maintains that the "new" disputes he made in October of 2018 and June of 2019 tolled the statutes of limitations for these causes of actions. *Id.* In the same argument, Plaintiff reiterates that these "violations have been continuous and ongoing since about September 2015." *Id.* However, the statute at issue and the relevant caselaw indicate that a plaintiff's discovery of a purported erroneous credit report or representation begins the two-year statute of limitations, not a renewed dispute of a report from more than two years prior. Though some caselaw indicates that the statute begins to run once an investigation is finalized, *see Steffens*, No. CR. 607CV01807-GRA, 2009 WL 102812, there is no support for the assertion that a consumer can create a new claim by making a second or renewed dispute.

The undersigned finds that by Plaintiff's own representations to the court, he knew or should have known of purported misrepresentations concerning his credit on or before 2016. He appears to try and sidestep the applicable statutes of limitations by arguing he raised *new* disputes in 2018 and 2019. However, a new dispute over the same alleged inaccurate report does not toll the statute or create a separate and distinct cause of action.

To the extent Plaintiff seeks relief from his tardiness based on equitable tolling, the undersigned finds Plaintiff has failed to meet his burden. An unsuccessful attempt at litigation is not a valid ground for equitable tolling. *Gray v. Zirfas*, No. 416CV02132RBHKDW, 2016 WL 7974109, at *3 (D.S.C. Nov. 22, 2016), *report and recommendation adopted*, No. 4:16-CV-02132-RBH, 2017 WL 345137 (D.S.C. Jan. 24, 2017) ("Plaintiff has not provided this court with, and independent research has not disclosed, any South Carolina case analyzing a situation wherein the doctrine of equitable tolling was raised based on the pursuit of alternate remedies such as a state court action."). Moreover, Plaintiff has failed to articulate anything that indicates Defendant prevented him from asserting his new claims in a timely fashion as is required by the equitable tolling standard.

Therefore, the undersigned recommends that Plaintiff's Motion to Amend his pleadings and add new causes of action against current Defendant Bank of America be denied. Likewise, the undersigned recommends that Plaintiff's Motion to amend his pleadings and assert new causes of action against new Defendants also be denied. *Meisner v. Zymogenetics, Inc*, No. 3:15-CV-3523-CMC, 2016 WL 4858741, at *6 (D.S.C. Sept. 15, 2016), *aff'd sub nom. Meisner v. Zymogenetics, Inc.*, 697 F. App'x 218 (4th Cir. 2017) (denying plaintiff's proposed amendments to her Complaint based in part on futility).

### 2. *Statute of Limitations for South Carolina State Law Causes of Action*

Defendant also maintains that Plaintiff's causes of action brought pursuant to section 15-3-540(2) of the South Carolina Code are barred under its three-year statute of limitations. ECF No. 41 at 6. Specifically, Defendant argues that Plaintiff's claim against it is related to his December 12, 2019 FCRA claim, which is four years after the discovery of the alleged violation. *Id.* Therefore, Defendant argues Plaintiff's state law claims are time barred. *Id.* The undersigned agrees.

Plaintiff represents he is contesting credit reporting issues from September 2016 and earlier. Therefore, to the extent he is trying to bring a cause of action under the SCCPC for those purported violations, they are now time barred. The applicable statute of limitations under the act is three years, and more than three years have passed since Plaintiff's discovery of the purported credit reporting giving rise to his state law claims. *See Tilley v. Pacesetter Corp.*, 508 S.E.2d 16, 20 (S.C. 1998) (applying a three-year statute of limitations to claims brought pursuant to the SCCPC). Accordingly, the undersigned recommends that Plaintiff's Motion to amend his pleadings and assert causes of action pursuant to the SCCPC be denied.

### c. Preemption

Finally, Defendant argues that Plaintiff's claims brought pursuant to the SCCPC fail because the FCRA preempts those claims. ECF No. 41 at 7-8. Defendant maintains that because Plaintiff is attempting to secure a remedy under the SCCPC for alleged inaccurate credit reporting and purported failure to investigate an inaccuracy on his credit report and correct it, his sole remedy would be under the FCRA. *Id.* at 8. The undersigned agrees.

The Fourth Circuit Court of Appeals considered the issue of preemption in the case of *Ross v. F.D.I.C.*, 625 F.3d 808 (4th Cir. 2010). There, the *Ross* court, after noting that plaintiff's FCRA claims were time barred, held that a claim brought pursuant to the North Carolina Unfair Deceptive

Trade Practices Act was expressly preempted by FCRA. *Id.* Specifically, the court found "the FCRA's preemption provision, 15 U.S.C. § 1681t(b)(1)(F), preempt[ed] this [Unfair Trade Practices] claim, regardless of its underlying merits." *Id.* at 812. There, the Fourth Circuit reasoned: "The FCRA is a comprehensive statutory scheme designed to regulate the consumer reporting industry." *Id.* In its analysis, the Fourth Circuit found "a strong preemption provision, 15 U.S.C. § 1681t(b), [was added] to this comprehensive legislative framework." *Id.* at 813. Part of that provision provides: "No requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated under . . . (F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . ." *Id.* Finally, the court held that Ross's claim concerned the "reporting of inaccurate credit information" which is a subject matter that is "squarely preempted by the plain language of the FCRA." *Id.* at 813 (citing 15 U.S.C. § 1681t(b)(1)(F)). Therefore, Ross's claims brought pursuant to North Carolina state law were dismissed. *Id.*

It is clear to the undersigned that Plaintiff is attempting to bring state law causes of action based on his allegations that Defendant and proposed new parties inaccurately reported on his credit. As discussed in *Ross*, such activities are directly regulated by specific provisions of the FCRA. Therefore, the FCRA preempts any SCCPC claim. Accordingly, the undersigned recommends that Plaintiff's Motion to add state law claims pursuant to the SCCPC be denied based on the doctrine of preemption.

## IV.    Conclusion and Recommendation

Based on the foregoing, it is recommended that Plaintiff's Motion to Amend his Complaint,

ECF No. 39, be denied.

**IT IS SO RECOMMENDED.**

October 22, 2020                                Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**