UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | C/A No.: 2:19-cv-03456-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Bank of America, N.A, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on Defendant's Motion to Strike, ECF No. 42, and Defendant's Motion for a Protective Order, ECF No. 43. The court will rule on each motion in turn.

1. Motion to Strike, ECF No. 42

On August 25, 2020, Plaintiff filed a "Notice of Expert Witness." ECF No. 40. There, he indicates that he does not have an expert witness "with firsthand knowledge of this matter other than himself to which he wishes to call on as an expert witness." *Id.* He maintains he reserves the right to amend his Notice throughout the course of discovery and as more evidence is produced. *Id.*

In Response, Defendant filed a "Motion to Strike Plaintiff's untimely Notice of Expert Witness" on August 26, 2020. ECF No. 42. Defendant argues Plaintiff attempts to name an expert after the Court's August 24, 2020 deadline. *Id.* Further, Defendant maintains that Plaintiff's Notice even fails to comply with the Court's Scheduling Order by ignoring the disclosure requirements for expert reports. *Id.* Based on his failure to comply with the court's order and the Federal Rules of Evidence, Defendant moves to strike Plaintiff's Notice of Expert

Witness. *Id*. Moreover, Defendant seeks an order from the court establishing that Plaintiff is "barred from utilizing experts in this action going forward." *Id.* at 2.

In Reply, Plaintiff represents to the Court that he does not wish to call himself as an expert witness, and his Notice indicated that he had "no current list of expert witnesses." ECF No. 44. He agrees that he is attempting to reserve his right to call an expert later. *Id*.

Under the Scheduling Order, Plaintiff was instructed to identify an expert witness on or before August 24, 2020. ECF No. 23. Attempting to reserve the right to name an expert until a later time does not comply with the directives laid out in the scheduling order. *See id*. Specifically, the scheduling order instructs:

> Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by any expert meeting the criteria under Fed.R.Civ.P. 26(a)(2)(B), including all information required by Fed.R.Civ.P. 26(a)(2)(B), has been disclosed to other parties by 2 months from date issued. For all other experts witnesses, the Plaintiff(s) should make the disclosures required by Fed.R.Civ.P. 26(a)(2)(C) by August 24, 2020.

To the extent Plaintiff seeks to extend his time indefinitely to name an expert, that request ***is denied***. Rule 26(a)(2) provides requirements of the parties concerning experts, including the time in which the party must make disclosures and accompanying written reports. Plaintiff has, without leave of court, failed to comply with Rule 26 and the orders of the court. Therefore, he has waived his right to name an expert in this matter. To the extent Defendant attempts to strike Plaintiff's identification of himself as an expert, that request is ***denied as moot***. Based on Plaintiff's representations to the court, it appears Plaintiff does not intend to offer expert testimony on his own behalf in this matter. Therefore, Defendant's Motion to Strike, ECF No. 42, ***is granted in part and denied in part***.

2. Motion for Protective Order, ECF No. 49

On September 29, 2020, Defendant filed a Motion for Protective Order. ECF No. 49. There, Defendant maintains that Plaintiff served two sets of discovery requests in September "in an attempt to litigate matters at issue in a separate pending state-court foreclosure action. . . ." *Id.* Defendant represents that of the 43 Requests for Production ("RFPs") from Plaintiff, only two seek any information related to credit reporting. *Id.* at 3. Further, Defendant represents that Plaintiff has served it with 74 interrogatories, exceeding the amount allowed pursuant to Rule 33 of the Federal Rules of Civil Procedure. *Id.* Defendant maintains that Plaintiff served it with 34 Requests for Admission that concern "matters that are irrelevant to advancing or defending Mr. Bruce's FCRA claim, which arises from purported credit inquiries that Mr. Bruce alleged did not authorize after BANA transferred his mortgage loan to a third party." *Id.* at 3-4. Thus, Defendant seeks an order striking Plaintiff's "improperly served and irrelevant discovery requests and to limit Plaintiff's discovery to matters concerning the FCRA allegations and related defenses in the parties' pleadings." *Id.*

On October 13, 2020, Plaintiff responded to Defendant's Motion and maintains that all of his discovery requests that relate to his mortgage account "apply to the validity of the mortgage loan. . . ." ECF No. 50 at 4. Further, he indicates that "[D]efendants had no authority to request nor receive payments from plaintiff as he is not obligated to pay a non-holder of the original wet-ink signature note." *Id.* at 5. Additionally, Plaintiff represents that he has now decreased the original amount of discovery requests to 25 or less in accordance with the mandates of Rule 33 as shown in Exhibit C-3. *Id.* at 6, ECF No. 50-1 at 26-37.

The undersigned has carefully considered the content of Plaintiff's RFPs, Interrogatories, and Requests to Admit in accordance with Rule 26(b)(1) of the Federal Rules of Civil Procedure that instructs:

> Parties may obtain discovery regarding any matter, not privileged, which is: (i) relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party; and (ii) proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff seeks many irrelevant and burdensome requests from Defendant that will have no impact on the outcome of a FCRA claim. This court does not have jurisdiction to litigate or relitigate issues concerning the state court foreclosure action, including the validity of the mortgage loan at issue there. Notably, many of Plaintiff's requests have already been produced to him in previous cases.[1]

The court finds that Requests for Production numbers 49 and 50 of Exhibit C-3, ECF No. 50-1, are the only discovery requests permitted under Rule 26(b)(1). Therefore, pursuant to Rule 26(c)(1), the court **grants Defendant's Motion for a Protective Order**. *See Page v. Johnson*, No.

---

[1] For example, the court notes that in *Bank of America NA v. Bruce, et al*, C/A No. 2:17-cv-2617-RMG, Bruce filed documents in support of his removal to federal court that included many of these same document requests and a response from Bank of America. *See* C/A No. 2:17-cv-2617 at ECF 1-1, 48-59, 172-75. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Mitchell v. Newsom*, CA No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n.1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *Report and Recommendation adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

2:19-CV-2673-DCN, 2019 WL 5566519, at *2 (D.S.C. Oct. 29, 2019) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense by forbidding or limiting the scope of discovery."); *Butler v. King*, No. CV-2:18-2522-RMG, 2019 WL 4440307, at *2 (D.S.C. Sept. 17, 2019) ("Rule 26 gives the Court discretion to bar inquiry into certain matters. . . .upon a showing of good cause. . . ."). Accordingly, for good cause shown, Defendant is instructed to only respond to RFP numbers 49 and 50 of Exhibit C-3 in accordance with the Federal Rules of Civil Procedure and none of the other discovery served by Plaintiff.

**IT IS SO ORDERED.**

October 29, 2020  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge