USDC CLERK, FLORENCE, SC
RECEIVED
2020 NOV -9 AM 10: 33

Record/FILE ON DEMAND

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

Nelson L. Bruce, Sui Juris

Plaintiff

- v -

BANK OF AMERICA, N.A.
(A.K.A. BANK OF AMERICA), et al.

Defendants.

Case No.: 2:19-cv-03456-BHH-KDW

**PLAINTIFF'S REPLY/OBJECTIONS TO MAGISTRATE JUDGE OCTOBER 22, 2020 REPORT AND RECOMMENDATION**

Comes now Plaintiff, **Nelson L Bruce**, above the age of 18, of the age of the majority, with the exercise of any and all his natural reserved and retained rights hereby respectfully presents his objections to **Magistrate Judge Kaymani D. West Report and Recommendation(R&R) (Doc. No. 52)**, filed 10/22/2020 and received by plaintiff 10/26/2020. Plaintiff no longer wishes to pursue an amendment of his original complaint in this case. Plaintiff has exercised his right and file a new complaint (see…Case No.: 2:2020-cv-03778) in regards to the claims referenced in his motion to amend plus additional claims instead of pursuing an amendment to his original complaint in this current case and hereby requests for immediate denial of his motion to amend (Doc. No.:39). Although plaintiff is requesting a denial of his motion to amend, he does not agree with the Magistrate's opinions for denial stated in their R & R and hereby objects to the Magistrate Judge's R & R for the reasons specified below:

## PLAINTIFFS OBJECTIONS TO MAGISTRATE REPORT AND RECOMMENDATION SECTION III ARGUMENTS

**a. Plaintiff's Objections to Effect of Non-Compliance with Scheduling Order.**

Plaintiff objects to Magistrate Judges R & R to the extent that the magistrate believes that a pending FCRA and SCCPC claim in another court is not good cause for a delay in moving to amend plaintiff's complaint. Courts have stated that duplicative filings in federal and state court are "generally disfavored . . . as 'wasteful' and . . . 'against [the interests of] judicial efficiency.'" (***Stevens v. Arco Management of Wash. D.C., Inc.*, 751 A. 2d 995, 1002 (D. C. 2000)**; alteration in original). Therefore plaintiff has complied with Rule 16(a).

**b. Plaintiff's Objections to Statute of Limitations**

1. Plaintiff objections to Magistrate R & R – FCRA Statute of Limitations.

Plaintiff objects to magistrate judge R & R opinion of the statute of limitations under the FCRA for the reason specified in plaintiffs "Reply and Objections to the Defendant's Opposition to Plaintiffs Motion to Amend Pleadings Complaint"(Doc. No. 43), PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Doc. No. 50) pages 14-17 which is hereby reiterated and incorporated by reference in their entirety and herein this entire objection.

Plaintiff states that even though he has claimed that the violations have been going on since about September of 2015 to present, they have been occurring on a monthly basis as the defendant has been reporting new updated accounting information and balances which include late fees and or interests on a monthly basis as well which give rise to new disputes of new reports, not the same disputes on the same reports as misrepresented by the magistrate judge thereby the 5 year statute date on which the violation that is the basis for such liability occurs is the more equitable statute to apply in this situation and for this matter (15 U.S.C. 1681p (2)) and plaintiff objects to the court applying the 2 year statute alleging plaintiffs' claims are based on just the September 2015 report when the reports

complained about and disputed for inaccurate unauthorized statements and publishing of information to plaintiff's credit report are updated with newly published inaccurate unauthorized statements and information by the defendant on a monthly basis which constitute a new dispute not the same dispute.

Plaintiff objects to the magistrate judge R & R false opinions that plaintiff argues without citing any authority, that he can create a new cause of action for time-barred claims by making a new or renewed dispute because plaintiff has clearly citied in **Doc. 43 page 6** the case in ***Escobar v. Pennsylvania Higher Education Assistance Agency Services, Inc., 2018 WL 1740364 (E.D. Pa. 2018)*** in regards to his claims. Plaintiff further states that the statute can be renewed upon a new dispute because the defendant's has been reporting new updated inaccurate accounting information and balances on a continuous monthly basis which include late fees and or interests as well which give rise to new disputes, not the same disputes or violations from September 2015.

Plaintiff never received any verifiable documentation from Experian identifying how they investigated the complained upon disputed reports of the alleged mortgage account therefore their alleged any alleged investigations were unreasonable as they only went by the defendants word and did not do their own investigation which would constitute as an investigation therefore plaintiff has not received any investigation reports from Experian and the statute of limitations has not began to run until this has been completed and finalized as referenced in Magistrates Judge October 22, 2020 R & R, **quoting *Steffens v. Am. Exp. Travel Related Servs. Inc.*, No. CR. 607CV01807-GRA, 2009 WL 102812.** Plaintiff further states that he has still net yet to discover the extent of the balances, amounts and accounting of the alleged mortgage tradeline that has been published and reported by

defendant because they continue to successfully conceal it from the plaintiff by failing to produce proper verification and investigation to which they have reported. As referenced above, there is support in plaintiff's assertion that a consumer can create a new claim by making a second or renewed dispute therefore plaintiff objects to Magistrates R & R in regards to a second or renewed dispute tolling the statute of limitations for a cause of action.

Plaintiff again objects to the Magistrate improper attempt to assert that plaintiff's dispute is on the same inaccurate report which does not toll the statute or create a separate and distinct cause of action for the reasons specified above and herein this entire objection to the R & R.

Plaintiff objects to the Magistrate judge R & R the plaintiff cannot seek relief from his alleged tardiness based on equitable tolling because an unsuccessful attempt at litigation is not a valid ground for equitable tolling because Plaintiff has attempted to remove his counterclaim/countersuit to district court (see…Case No.: 2:17-cv-02617-RMG) to which they have this court remanded back to state court in general asserting the foreclosure action not properly addressing the counterclaim/countersuit which the court had jurisdiction over and should have just remanded the state foreclosure action instead of the plaintiff's countersuit/counterclaim which is not a state foreclosure action. This further evidences that plaintiff diligently tried to pursue his judicial remedies in the proper court of original jurisdiction for his claims. Equitable tolling may suspend the running of a statute of limitations period where the plaintiff actively pursued his judicial remedies by filing a defective pleading during the statutory period as is the case here therefore plaintiff objects. ***e.g., Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).*** In ***SCANWELL LOGISTICS (CHI), INC., v. VIS, LLC,*** **CASE NO. 2018-CP-**

**23-04175** it was determined that in South Carolina, a statute of limitations may be tolled pursuant to statute or pursuant to the doctrine of equitable tolling. "[I]n order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of the statute of limitations." ***Hooper v. Ebenezer Sr. Services & Rehab. Ctr.*, 386 S.C. 108, 115 (2009) (internal quotations omitted).** "Equitable tolling is judicially created; it stems from the judiciary's inherent power to formulate rules of procedure where justice demands it." *Id.* "Where a statute sets a limitation period for action, courts have invoked the equitable tolling doctrine to suspend or extend the statutory period to ensure fundamental practicality and fairness." *Id.* (internal quotations omitted). The party seeking to toll the statute of limitations bears the burden of establishing facts sufficient to justify its use. See *Id.*

According to the South Carolina Court of Appeals, "The time requirements in lawsuits between private litigants are customarily subject to equitable tolling if such tolling is necessary to prevent unfairness to a diligent plaintiff," and, "Equitable tolling has been deemed available where-the plaintiff actively pursued his or her judicial remedies by filing a defective pleading during the statutory period .... " ***See Pelzer v. State*, 378 S.C. 516, 521, 662 S.E. 2d 618, 620 (Ct. App. 2008)** as is the case here. In this case, it is evident that Plaintiff did not sleep on its rights while letting the statute of limitations run, but rather timely filed suit first in New York and then twice in Illinois as described above. All three of these pleadings were dismissed for issues relating to the forum and jurisdiction.

Plaintiff timely raised its claims mistakenly in the wrong forums. In addressing the applicability of the doctrine of equitable tolling, the South Carolina Supreme Court has affirmatively cited and quoted cases granting equitable tolling in situations akin to the

present facts. "Equitable tolling applies where the defendant is shown to have actively misled or prevented the plaintiff in some extraordinary way from discovering the facts essential to the filing of a timely lawsuit, or where the plaintiff has timely raised the same claim in the wrong forum." ***Hooper*, 386 S.C. at 116 (emphasis added) (quoting *Kaplan v. Morgan Stanley & Co.*, 186 Vt. 605 (2009)).** Further, the Court quoted, "Federal precedent equitably tolls the limitations period ... where the plaintiff has actively pursued his or her judicial remedies by filing a timely but defective pleading..."*Id.* (quoting ***Abbott v. State*, 979 P.2d 994,998 (Alaska 1999)).**[1]

Furthermore, the Court went on to say that "the situations described above do not constitute an exclusive list of circumstances that justify the application of equitable tolling." *Id.* Rather, a court's equitable power "is not bound by cast-iron rules but exists to do fairness ... [and] may be applied where it is justified under all the circumstances." *Id.* at 116-17. The interests of justice and fairness, as well as the purpose of the statute of limitations itself, favor allowing Plaintiff's claim to proceed at this stage of the litigation. In the present action, Defendant was clearly on notice of this lawsuit, as they were the original party to the timely previous actions filed in the wrong forums and or the allegedly defective filing, the counterclaim/countersuit that has been pending for over 2 years which was just recently dismissed as of July 8, 2020 which plaintiff received notice of on or about July 11, 2020 before the filing of plaintiff's amended verified complaint. Accordingly, the instant lawsuit did not catch Defendant off guard, and the purpose of the

[1] Additionally, numerous courts outside of South Carolina have addressed this issue and determined the same result. *See In re Comm. Bank of N Va. Mortg. Lending Practices Litigation*, 795 F.3d 380 (3d Cir. 2015) ("Equitable tolling permits a plaintiff to sue after the statutory time period for filing has expired if the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."); *Smith v. American President Lines, Ltd*, 571 F.2d 102 (2d Cir. 1978); *see also U.S. Equal Employment Opportunity Comm'n v. PC Iron, Inc.*, 316 F. Supp. 3d 1221, 1230 (S.D. Cal. 2018).

statute of limitations is not served by enforcing it here while equity suggests that it should be tolled. Defendant has not shown prejudice to its ability to defend. However, Plaintiff would certainly be prejudiced by the harsh penalty of dismissal at this stage. As can be seen by the prompt filing of each earlier action in succession, Plaintiff did not sit on its rights but diligently attempted, in good faith, to enforce them. **See *Pelzer*, 378 S.C. at 521**. Based on the facts and in the interest of fairness, equitable tolling of the statute of limitations is appropriate in the instant case. Therefore equitable tolling is warranted here and should not be denied. The new causes of action against the current defendant Bank of America also should not be denied for the reasons specified above and herein this entire objection to Magistrate R & R as they are not futile.

2. Plaintiff Objections to Magistrate R & R – Statute of Limitations for South Carolina State Law Causes of Action.

Plaintiff objects to magistrate judge R & R opinion of the statute of limitations under the SCCPC for the reason specified in plaintiffs "Reply and Objections to the Defendant's Opposition to Plaintiffs Motion to Amend Pleadings Complaint" (Doc. No. 43), PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Doc. No. 50) pages 14-17 which is hereby reiterated and incorporated by reference in their entirety. Plaintiff further objects to this section of Magistrates R & R for the reasons specified herein this entire objection. Plaintiff also alleges that he still at least 12 months remaining on the statute of limitations under SCCPC when he filed his countersuit/counter claim which should be tolled and would have begun to run again at the time of dismissal of Plaintiffs counterclaim/countersuit therefore his amended verified complaint is within the 3 year statute of limitations as the case was pending in state court

for at least 3 years from the time the plaintiffs' claims were filed in that court. Therefore equitable tolling is warranted here and should not be denied.

c. Plaintiff's Objections to Magistrate R & R - Preemption

Plaintiff objects to magistrate judge R & R opinion of Preemption of the SCCPC claims for the reason specified in plaintiffs "Reply and Objections to the Defendant's Opposition to Plaintiffs Motion to Amend Pleadings Complaint" (Doc. No. 43), pages 1,2, 7, 11, 12 which is hereby reiterated and incorporated by reference in their entirety. Also in ***Hoback v. Synchrony Bank*** **(June 2019)** who also quoted ***Ross v. FDIC*, 625 F.3d 808, 8015 (4th Cir. 2010)** which also referenced § 1681h(e) of the FCRA, it was decided that state claims and defamation claims was not preempted under § 1681t(b)(F) of the FCRA when applying § 1681h(e), that when the defendants acted with malice or willful intent to injure the consumer, the consumers claims state or defamation claims are exempt from preemption of the FCRA. Plaintiff has shown throughout his amended complaint (Doc. 39), Reply and Objections to the Defendant's Opposition to Plaintiffs Motion to Amend Pleadings Complaint" (Doc. No. 43) and PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Doc. No. 50) that defendants acted with malice, and willful intent to injure the plaintiff therefore plaintiff's state SCCPC claims are exempt from preemption as specified under § 1681h(e) of the FCRA and plaintiff therefore objects to Magistrate's R & R on the doctrine of preemption of Plaintiffs SCCPC claims in its entirety.

**FCRA's preemption provisions, § 1681h(e) states:**

- Except as provided in sections 1681n and 1681o, no consumer may bring any action or proceeding in the nature of defamation ... or negligence...with respect to the reporting of information against any consumer reporting agency, any user

> of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

Plaintiff further objects and states that the FCRA preempts state statutes, regulations, and common law that purport to govern the collection, distribution, or use of any consumer information, or to prevent or mitigate identity theft, where the state law is inconsistent with the FCRA. These state laws are preempted to the extent of the inconsistency (15 U.S.C. § 1681t(a)). This occurs, for example, when complying with the state law would violate the FCRA (see, for example, ***Davenport v. Farmers Ins. Grp.*, 378 F.3d 839, 843 (8th Cir. 2004)).**

The FCRA specifically bars defamation, invasion of privacy, and negligence claims that concern the reporting of information from being brought against any CRA, any user of a consumer report, or any furnisher of reported information, "except" for false information furnished with malice or willfully intended to injure the consumer (15 U.S.C. § 1681h(e); see, for example, ***Thornton v. Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir. 1980)).** For a state-law claim to stand under this provision, a defendant's misconduct must be truly malicious and not simply careless **(see... *Ross v. FDIC*, 625 F.3d 808, 817 (4th Cir. 2010))** as is the case here as the defendants maliciously, negligently, willfully decided not to properly investigate, validate and verify the alleged mortgage account and debt point by point as provided in plaintiffs complaints directly to them and to third party reporting agencies by disputes, requests and affidavits evidenced by defendants numerous attempts to try to get them to respond, investigate, validate and verify and delete the accounts because of their false inaccurate reporting therefore they maliciously, willfully,

negligently intended to violate the law and injure the consumer, the plaintiff as they continuously and knowingly published and reported to plaintiff's report false inaccurate unverified invalidated information on plaintiffs report after being specifically notified by the by the numerous disputes. The shorter two-year limitations period begins to run when the plaintiff discovers the facts giving rise to a claim, rather than when he discovers that those facts constitute a legal violation (see… ***Mack v. Equable Ascent Fin., L.L.C.*, 748 F.3d 663, 665-66 (5th Cir. 2014))**. As stated above pages 3-4, Plaintiff has yet to discover the extent of the balances, amounts, and accounting of the alleged mortgage tradeline that has been published and reported by defendant because they continue to successfully conceal it from the plaintiff by failing to produce proper verification and investigation to which they have published and reported to plaintiff's credit report.

## CONCLUSION

For the reasons specified above, Plaintiff objects to the Magistrate's R & R and their incorrect opinions of why Plaintiff's Motion to Amend should be denied. As specified above, Plaintiff's motion should be denied because plaintiff no longer wishes to pursue the motion to amend in this case but to exercise his right and pursue his claims in a new complaint which is currently pending in this court in Case No.: 2:2020-cv-03778. Dated this 5th day of **November, 2020**.

RESPECTFULLY PRESENTED, "Without Prejudice"

Nelson L. Bruce 11-5-2020

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o 144 Pavilion Street, Summerville, South Carolina [29483]
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list **via the: UNITED STATES POSTAL SERVICE by the UNITED STATES POST OFFICE via Postage Prepaid Priority Mail.**

**SENT TO:**

McGuire Woods LLP
Attention: Brian A. Calub
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202-2146
(704) 343-2009

*Counsel of Record Attorney for Defendant Bank of America, N.A.*

"Without Prejudice"

Nelson L. Bruce 11-5-2020

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o 144 Pavilion Street, Summerville, South Carolina [29483]
Phone: 843-437-7901
Email: leonbruce81@yahoo.com