IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Nelson L. Bruce,                )
                                )
         Plaintiff,             )
                                )   Civil Action No. 2:19-3456-BHH
v.                              )
                                )   **ORDER**
Bank of America, N.A. (A.K.A.   )
Bank of AMERICA), et al.,       )
                                )
         Defendant.             )
_____ )

Plaintiff Nelson L. Bruce ("Plaintiff" or "Bruce") filed this pro se action on December 12, 2019, alleging violations of the Fair Credit Reporting Act ("FCRA") against Defendant Bank of America, N.A. ("Defendant" or "Bank of America"). On August 18, 2020, he filed what was captioned as an "Amended Verified Complaint for Declaratory and Injunctive Relief," which was docketed as a motion to amend his complaint. (ECF No. 39.) Defendant filed a response in opposition, asserting that it would be futile to permit Plaintiff to amend his pleadings because the proposed causes of action are time-barred and/or preempted by the FCRA.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On October 22, 2020, Magistrate Judge Kaymani D. West issued a report and recommendation ("Report") outlining the procedural history of this action and recommending that the Court deny Plaintiff's motion to amend. Plaintiff filed objections to the Magistrate Judge's Report, and the matter is ripe for review.

## **STANDARDS OF REVIEW**

### I. Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II. Motion to Amend

When a movant seeks to amend his pleading and join additional parties after the scheduling order deadline for doing so has passed, the Court conducts a two-step analysis. *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.), *aff'd sub nom. Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 129 F.3d 116 (4th Cir. 1997). First, the Court considers whether the movant can demonstrate "good cause" for seeking modification of the scheduling deadline under Rule 16(b). *Id.* (emphasis in original). If the movant satisfies Rule 16(b)'s "good cause" standard, then the Court considers whether the movant can satisfy the requirements for amendment under Rule 15(a). *Smith v. United Parcel Serv., Inc.*, 902 F.Supp. 719, 720 (S.D.W.V. 1995); *Marcum v. Zimmer*, 163 F.R.D. 250-254 (S.D.W.V. 1995); *Forstmann v. Culp*, 114 F.R.D. 83, 85-86 (M.D.N.C. 1987); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

Rule 16 of the Federal Rules of Civil Procedure assures the Court and the parties

that "at some point both the parties and the pleadings will be fixed." *Jordan v. E.I. du Pont de Nemours*, 867 F.Supp. 1238, 1250 (D.S.C. 1994) (citing *Johnson*, 975 F.2d at 610). Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant or the prejudice to the opposing party; rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. *Smith*, 902 F.Supp. at 720; *Marcum*, 163 F.R.D. at 254; *Forstmann*, 114 F.R.D. at 85; Johnson, 975 F.2d at 609.

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to amend the complaint under Rule 15(a) should be made "as soon as the necessity for altering the pleading becomes apparent." *Id.* at 41 (internal citation omitted). "The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original). To deny a motion to amend for futility, the amendment must be "clearly insufficient on its face." *Oroweat Foods Co.*, 785 F. Supp. 2d at 819.

## **DISCUSSION**

In her Report, the Magistrate Judge first determined that Plaintiff failed to show good cause for his delay in moving to amend his complaint, and the Magistrate Judge specifically rejected Plaintiff's argument that he was prevented from filing the claims he seeks to add

because they were pending in state court and were only recently dismissed by the state court. Because Plaintiff is proceeding pro se, the Magistrate Judge also considered whether Plaintiff satisfied the requirements of Rule 15(a). Ultimately, the Magistrate Judge found that all of Plaintiff's proposed claims–both pursuant to FCRA and South Carolina state law–are barred by the applicable statutes of limitations, and that the FCRA preempts Plaintiff's proposed claims under the South Carolina Consumer Protection Code ("SCCPC"). Accordingly, the Magistrate Judge recommended that the Court deny Plaintiff's motion to amend.

On November 9, 2020, Plaintiff filed objections to the Magistrate Judge's Report, asserting that he no longer seeks to amend his complaint in this case because he has filed a new complaint in another civil action (No. 2:20-cv-3778). Accordingly, Plaintiff effectively consents to the denial of his motion to amend.

In addition, however, Plaintiff asserts that he does not agree with the Magistrate Judge's findings in the Report, and the Court will consider Plaintiff's objections in the interest of creating a complete record. First, Plaintiff simply repeats his argument that he demonstrated good cause under Rule 16 because the claims he seeks to add were previously pending in state court, and he wished to avoid duplicative litigation. After review, the Court finds this objection without merit and agrees with the Magistrate Judge that Plaintiff failed to offer sufficient good cause for his delay in seeking to amend his complaint for the reasons set forth by the Magistrate Judge.

Next, Plaintiff objects broadly to the Magistrate Judge's findings as to the statute of limitations. Here again, however, Plaintiff simply repeats the flawed arguments he previously made. The Magistrate Judge specifically addressed and rejected these

arguments, and nowhere in his objections does Plaintiff point to any legal or factual error in the Magistrate Judge's analysis.  After a review of the record, the Court agrees with the Magistrate Judge that Plaintiff's proposed claims are barred by the applicable statute of limitations and further that Plaintiff's proposed claims under the SCCPC are preempted by the FCRA.  As such, the Court finds Plaintiff's objections wholly without merit.

## **CONCLUSION**

Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 52), and the Court denies Plaintiff's motion to amend his complaint (ECF No. 39).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

November 16, 2020
Charleston, South Carolina