U.S.P.S. Priority Mail Express Tracking No.: EJ 836 367 561 US

RECEIVED
USDC CLERK, FLORENCE, SC
2021 JUN 23 AM 11: 04

**Record/FILE ON DEMAND**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, Sui Juris ) | |
| ) | |
| Plaintiff ) | Case No.: 2:19-cv-03456-BHH-KDW |
| ) | |
| - v - ) | |
| ) | PLAINTIFF'S REPLY/OBJECTIONS IN |
| BANK OF AMERICA, N.A. ) | FURTHER SUPPORT OF PLAINTIFF'S |
| (A.K.A. BANK OF AMERICA), et al. ) | OPPOSITION/DISPUTE (DOC. 87) IN |
| ) | RESPONSE TO DEFENDANT'S REPLY |
| Defendants. ) | TO RESPONSE DATED 6-8-2021 |
| ) | |

Comes now Plaintiff, **Nelson L Bruce**, above the age of 18, of the age of the majority, with the exercise of any and all his natural reserved and retained rights hereby respectfully presents his REPLY/OBJECTIONS IN FURTHER SUPPORT OF PLAINTIFF'S OPPOSITION/DISPUTE (DOC. 87) IN RESPONSE TO DEFENDANT'S REPLY TO RESPONSE DATED 6-8-2021 which plaintiff received on 6-16-2021 as this is a matter for the jury to decide as a matter of law as there are genuine issues of material facts evidenced in this action and on the record still in dispute which preclude summary judgment that are for a jury to decide as demanded. Plaintiff has a right to a trial by jury, has exercised that right and does not consent to any waivers of his rights to be before a jury, to have a jury decide all claims alleged in this action as presented in the initial complaint and his opposition/objection.

### PLAINTIFF'S FUTHER OBJECTIONS AND EVIDENCE IN SUPPORT OF OBJECTIONS TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT, AND RESPONSE TO PLAINTIFFS OPPOSITION TO SUMMARY JUDGMENT

U.S.P.S. Priority Mail Express Tracking No.: EJ 836 367 561 US

Transunion, the Credit Reporting Agency has stated that in order to have permissible purpose under the FCRA, for review or collections on an account, the account must be existing (see...Exhibit - F pg. 6), a closed account is no longer an existing account. Transunion has specified examples of a legitimate business need such as "insurance underwriting, government licensing, rental applications and a court order (See...Exhibit - F pg. 6)" which none of the defendant's alleged legitimate business needs specifies any of these permissible purposes reasons especially if the account is closed and no longer exists because the alleged mortgage account was zeroed out, closed voluntarily and transferred to a new alleged mortgage account creating a new account number. There is nothing in the plain writing of the FCRA that gives a party/data furnisher permissible purpose to pull a consumers credit report simply because there is a pending lawsuit against BANA or an dispute has been requested where an ACDV was created regarding an account defendant has reported that has been disputed. In fact BANA produces no evidence that they pulled a consumer report after being served in September 2017 by the plaintiff's counterclaim of a FCRA violation therefore any arguments of this nature is meritless as the last consumer reports requested in 2017 by defendant was May 29, 2017 as it pertains to the alleged mortgage account (see...defendant's Reply Doc. 88 pg. 4), there are no inquiries during nor after notice of plaintiff's FCRA claims as evidenced by the record. This is an unsupported fact which is not supported by law, the plaint text and writing of the FCRA.

Transunion and other credit bureaus by their policies require a data furnisher such as the defendant in this case to report an existing account with a Status Code which references a status of an account such as, 90 days past the due date or Account closed at credit grantor's request (see...Defendant's ACDV's Doc. 88-1). Data furnishers such as the defendant in this case know the current condition of the account, and that the account is closed to further charges, at the furnisher's

U.S.P.S. Priority Mail Express Tracking No.: EJ 836 367 561 US

request also known as the credit grantors request since they are the ones who report the account tradeline and therefore they knew that the alleged mortgage account no longer existed and what was being reported to Transunion therefore BANA could not have any reason to believe that a permissible purpose existed to secure plaintiff's consumer report as presented in Defendant's reply to plaintiff's opposition/dispute to defendants motion for summary judgment (Doc. 87) which the entire opposition is hereby reiterated and incorporated by reference in its entirety.

Defendant does not deny that the loan was transferred in March of 2017 and again admits that they were the servicer up until May 2, 2017 (see...defendant's Response filed on 6-8-2021 page 2, Doc. 88) therefore after this date, they no longer had a permissible purpose to pull consumers credit report for a review or collections of a none existing account they were no longer responsible for collecting payments on. As Evidenced by Exhibit - F pg. 6, defendant's allegations that because they had to prepare responses to written disputes to CRA's challenging the appearance of the alleged mortgage loan on plaintiff's consumer report, BANA had a legitimate business need to secure plaintiff's consumer report after servicing of his alleged mortgage loan transferred to a third party fails for the reasons specified above regarding a legitimate business need as a permissible purpose. Especially since there was no longer an existing account that they had in their possession to review or collect upon and the ACDV provides the appearance of what is being reported on plaintiff's consumer report at the time of the dispute as evidenced by the ACDV's of defendant (see...Doc. 88-1) and Plaintiff's exhibit D-4 (doc. 87-1). There is not permissible purpose to create an inquiry simply because a consumer files a dispute with the CRA. This theory fails as it is not supported by the FCRA as a permissible purpose to pull consumers credit report because of a dispute and the Defendant provides not evidence supported by facts nor the law, the FCRA that it does as they improperly attempt to utilize case law that does not support any facts that a dispute gives a credit

U.S.P.S. Priority Mail Express Tracking No.: EJ 836 367 561 US

report user permissible purpose to create an inquiry simply because a written disputes has been filed with the CRA therefore plaintiff objects. This theory also fails because after a party gets notice of a lawsuit, in this case it was in September of 2017 well after the ACDV's produced by the defendant in their response (Doc. 88 page 3-4) were requested, the party has an opportunity to request for discovery of these credit reports that are the base of plaintiff's FCRA claims and or the party may get a court order therefore plaintiff objects. An open account and a closed account is a material issue that bears upon the merits for summary judgment simply because a closed account with a zero balance is an account that no longer exists as there is nothing to report, review or collect upon which is the main purpose of the permissible purpose section of the FCRA especially after the entire account has been transferred to a new account which a new account number has been created for the alleged mortgage loan account tradeline and is being serviced and reported by the transferred party, the new servicer, Carrington (see…Plaintiff's Exhibit - D 3 Doc. 87-1). Congress has not given any courts the authority and the courts have no power to create exceptions to the already written and established law, the FCRA.

## CONCLUSION

For these reasons, Defendants facts are disputed, are not facts to prove that BANA had a permissible purpose under the FCRA for securing plaintiff's consumer reports as alleged in plaintiff's complaint and discovered and produced in discovery as there are genuine issues of material facts evidenced in this action still in dispute which preclude summary judgment therefore summary judgment should be denied and plaintiff's complaint should not be dismissed nor dismissed with prejudice. Plaintiff has exercised his right to a trial by jury which is preserved and therefore there is a controversy for the jury to decide as a matter of law therefore this case should proceed to be decided by the jury. Dated this 22nd day of June, 2021.

U.S.P.S. Priority Mail Express Tracking No.: EJ 836 367 561 US

RESPECTFULLY PRESENTED,

"Without Prejudice"

*Nelson L. Bruce* 6-22-2021

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o 144 Pavilion Street
Summerville, South Carolina 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

U.S.P.S. Priority Mail Express Tracking No.: EJ 836 367 561 US

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list **via the: UNITED STATES POSTAL SERVICE by the UNITED STATES POST OFFICE via Postage Prepaid Priority Mail.**

**SENT TO:**

McGuire Woods LLP
Attention: Robert A. Muckenfuss & T. Richmond McPherson III
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202-2146
(704) 343-2052
*Counsel's of Record Attorney's for Defendant Bank of America, N.A.*

"Without Prejudice"

*Nelson L. Bruce  6-22-2021*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o 144 Pavilion Street
Summerville, South Carolina 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com