IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
**Charleston Division**

| | |
|---|---|
| Nelson L. Bruce, ) | |
| ) | |
| Plaintiff, ) | Civil Act. No. 2:19-cv-03456-BHH-KDW |
| ) | |
| v. ) | |
| ) | |
| Bank of America, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT BANK OF AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION TO VACATE/ FOR RELIEF UNDER FED. R. CIV. PRO. 60(B)(1) AND (2)
FROM NOVEMBER 17, 2020 (DOC. 63) ORDER DENYING PLAINTIFF'S AMENDED
COMPLAINT**

NOW COMES Defendant Bank of America, N.A. ("BANA"), by and through undersigned counsel, and responds to Plaintiff Nelson Bruce's ("Plaintiff") Motion to Vacate/ For Relief Under Fed. R. Civ. Pro. 60(b)(1) and (2) from November 17, 2020 Order Denying Plaintiff's Motion to Amend Complaint (the "Motion") and states as follows:

**SUMMARY OF ARGUMENT**

Plaintiff's untimely Motion seeks to relitigate issues already decided by this Court nearly one year ago. In support of his Motion, Plaintiff cites zero new facts or law, and instead, simply asks this Court to change its mind concerning an Order issued in November of last year. Fourth Circuit precedent is clear that asking a court to change its mind concerning a matter already litigated is not a proper basis for a motion to reconsider under the Federal Rules, and this Court should not consider it here. Because Plaintiff's Motion is untimely and not supported by the law or facts of this case, the Court should deny Plaintiff's Motion.

## STATEMENT OF FACTS

BANA limits its statement of facts in this Response to the issues raised by Plaintiff's Motion. For a complete factual background, BANA incorporates by reference the Statement of Facts from its Memorandum in Support of its Motion for Summary Judgment (Doc. No. 83-1).

On December, 12, 2019, Plaintiff filed a one count Complaint alleging that BANA violated the Fair Credit Reporting Act, 15 U.S.C. §1682, *et seq*. ("FCRA"), related to BANA's alleged soft credit check inquiries that appeared on Plaintiff's consumer report. (Doc. No. 1). This lawsuit is one of six lawsuits Plaintiff has filed against BANA in this Court.[1]

On August 18, 2020, Plaintiff filed a Motion to Amend Complaint. (Doc. No. 39). On August 25, 2020, BANA filed a Response in Opposition to Plaintiff's Motion to Amend Complaint. (Doc. No. 41). Plaintiff filed a Reply to BANA's Response on September 2, 2020. (Doc. No. 43). As such, the matter was fully briefed. On October 22, 2020, Magistrate Judge West issued a Report and Recommendation recommending that this Court deny Plaintiff's Motion to Amend. (Doc. No. 52).

On November 9, 2020, Plaintiff filed an objection to Magistrate Judge West's Report and Recommendation. (Doc. No. 60). BANA filed a Response to that objection on November 12, 2020. (Doc. No. 61). This Court entered an Order denying Plaintiff's Motion to Amend on November 17, 2020. (Doc. No. 63). That Order is the subject of Plaintiff's pending Motion.

Plaintiff filed this Motion on July 26, 2021, asking this Court to vacate its November 17 Order under Federal Rule of Civil Procedure 60(b)(1) and (2) "so that plaintiff may proceed with his case, civil action no. 2:20-cv-03778-BHH to seek justice and to discover further facts which

---

[1] The Court's records reflect that Plaintiff has filed 5 other separate actions against BANA with the court and attempted to remove a state court foreclosure action to this Court.

are essential to plaintiffs' claims and defenses."[2]  (Doc. No. 103, p.15).  In his Motion, Plaintiff stated that he filed the Motion to "give the court the opportunity to correct its mistakes that are of a substantive legal nature." *Id.* at p. 1.  Because Plaintiff's Motion is both untimely and improper under controlling Fourth Circuit law, this Court should deny Plaintiff's Motion.

## LEGAL STANDARD

Rule 60(b) allows the court to relieve "a party ... from a final judgment, order, or proceeding" due to (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud ..., misrepresentation, or misconduct"; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind ... it is not authorized by Rule 60(b)." *Id.* at 313. "A motion for reconsideration under Rule 60(b) is addressed to the sound discretion of the district court and ... [is] generally granted only upon a showing of exceptional circumstances." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citation and internal quotation marks omitted).  Finally, motions for reconsideration under Rule 60(b) must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Pro. 60(c).

## ARGUMENT

---

[2] It is unclear why granting Plaintiff's Motion to Amend would allow Plaintiff to proceed in a different case number, but nonetheless, Plaintiff has failed to identify appropriate grounds for reconsideration, and his Motion should be denied.

3

Plaintiff's Motion fails for at least two reasons. First, Plaintiff failed to bring his Motion within a "reasonable time," and therefore, his Motion is untimely. Second, Plaintiff's Motion simply seeks to have the Court "change its mind," which is improper under settled Fourth Circuit law. Thus, for either independent reason, the Court should deny Plaintiff's Motion.

## I.     Plaintiff's Motion is Untimely.

First, Plaintiff's Motion, which he filed more than eight months after entry of the November 17 Order, is untimely under the Federal Rules of Civil Procedure. For all motions brought under Rule 60(b), the motion must be brought "within a reasonable time." *Id.* For motions brought under Rule 60(b)(1-3), the Rules state that the outer limit of what a "reasonable time" can mean is one year from entry of the subject order. *Id.* The Fourth Circuit consistently holds that motions under Rule 60(b) are untimely when they are filed "three to four months after the original judgment and no valid reason is given for the delay." *McLawhorn v. John W. Daniel & Co.,* 924 F.2d 535, 538 (4th Cir. 1991) (upholding denial of Rule 60(b) motion brought three and one half months after entry of the judgment); *see also Central Operating Co. v. Utility Workers of America*, 491 F.2d 245 (4th Cir.1974*)* (upholding denial of Rule 60 motion based upon four month delay); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir.1967) (finding no abuse of discretion for denial of motion based upon two and one half months delay).

Here, Plaintiff filed his Motion more than eight months after the entry of the November 17 Order. Plaintiff offered zero explanation for this delay and none appears obvious from the record. *See generally*, Motion. Thus, under the clear precedent of *McLawhorn*, *Central Operating Co.*, and *Consolidated Masonry*, this Court should deny Plaintiff's Motion as untimely.

Moreover, BANA is prejudiced by Plaintiff's delay in this case. Discovery closed in this matter on March 15, 2021. (Doc. No. 70). BANA completed all discovery by this deadline based upon the operative Complaint, and this Court's denial of Plaintiff's Motion to Amend. Based upon the record existing at the close of discovery, BANA drafted and filed its Motion for Summary Judgment and its Reply to Plaintiff's Response in Opposition to BANA's Motion for Summary Judgment, which is currently pending. To allow Plaintiff to file an Amended Complaint and effectively restart this litigation would prejudice BANA who has spent time, money, and resources proceeding under the Rules and this Court's previous Orders. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984) ("[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense*, a lack of unfair prejudice to [any] opposing party*, and exceptional circumstances.") (emphasis added)). Because Plaintiff failed to file his Motion within a reasonable time and because that failure causes unfair prejudice to BANA, the Court should deny Plaintiff's Motion.

**II.     Even if Plaintiff's Motion was Timely, Plaintiff's Motion Improperly Tries to Relitigate Issues Already Decided by the Court.**

As described above, Plaintiff's Motion is untimely. Even if it were timely, Plaintiff's Motion improperly asks this Court to simply "change its mind," which is improper under the Federal Rules of Civil Procedure and controlling Fourth Circuit law. Thus, the Court should deny Plaintiff's Motion.

The Fourth Circuit has made clear that where a motion seeks reconsideration of legal issues addressed in an earlier ruling, the motion "is not authorized by Rule 60(b)." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995); *United States v. Williams,* 674 F.2d 310, 313 (4th Cir.1982) (same); *Nix v. Holbrook*, No. 5:13-CV-02173-JMC, 2015 WL 1958745,

5

at *2 (D.S.C. Apr. 30, 2015) (quoting *Williams*, 674 F.2d at 313) ("Where the motion is nothing more than a request that the district court change its mind ... it is not authorized by Rule 60(b)."); *Regan v. City of Charleston, S.C.*, 40 F. Supp. 3d 698, 702 (D.S.C. 2014) ("A motion for reconsideration is not, however, an opportunity to relitigate issues already ruled upon simply because a party is dissatisfied with the outcome.").

Here, Plaintiff asks the Court to change its mind on its November 17 Order without providing any new controlling law or facts to support that change. The parties fully briefed the issue prior to both this Court's ruling and Magistrate Judge West's Report and Recommendation. This Court was fully apprised of the grounds for the motion prior to issuing its Order. Plaintiff has offered no new facts or controlling law that would change the Court's analysis. Instead, Plaintiff simply asks the Court to "correct its mistakes that are of a substantive legal nature." Motion, p. 1. This practice is clearly improper under controlling Fourth Circuit law. *See, e.g.*, *CNF Constructors, Inc.*, 57 F.3d at 401. Because Plaintiff's Motion is improper under Fourth Circuit law and under the Federal Rules of Civil Procedure, the Court should deny Plaintiff's Motion.

## CONCLUSION

For the reasons stated above, BANA respectfully requests that this Court deny Plaintiff's Motion to Vacate.

This is the 2nd day of August, 2021.

/s/ T. Richmond McPherson III_____
Robert A. Muckenfuss (SC Federal Bar #7333)
T. Richmond McPherson III (SC Federal Bar #11214)
**MCGUIREWOODS LLP**
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 343-2052
Facsimile: (704) 444-8707

rmuckenfuss@mcguirewoods.com
rmcpherson@mcguirewoods.com
*Attorneys for Defendant Bank of America, N.A.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2021, the foregoing *Defendant Bank of America's Response to Plaintiff's Motion to Vacate/For Relief Under Fed. R. Civ. Pro. 60(B)(1) and (2) From November 17, 2020 (Doc. 63) Order Denying Plaintiff's Amended Complaint* was filed via the court's CM/ECF system and served by First Class U.S. Mail with postage prepaid upon the following:

Nelson L. Bruce
144 Pavilion Street
Summerville, SC 29483

*Pro Se Plaintiff*

s/ T. Richmond McPherson III
T. Richmond McPherson III