IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
**Charleston Division**

| | |
|---|---|
| Nelson L. Bruce, | ) |
| | ) |
| Plaintiff, | ) Civil Act. No. 2:19-cv-03456-BHH-KDW |
| | ) |
| v. | ) |
| | ) |
| Bank of America, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT BANK OF AMERICA'S REPLY TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

NOW COMES Defendant Bank of America, N.A. ("BANA"), by and through undersigned counsel, and responds to Plaintiff Nelson Bruce's ("Plaintiff") Objections to Magistrate Judge's Report and Recommendation ("R&R")

**ARGUMENT**

**I.     PLAINTIFF'S MOTION TO VACATE WAS PROPERLY DENIED.**

Plaintiff initially objects to the Magistrate's denial of his Second Motion to Vacate as untimely. Plaintiff asserts he did not receive BANA's Response to this Motion and that the Court's decision is erroneous. BANA is unable to determine if Plaintiff received BANA's response and, in any case, Plaintiff is free to raise his objection to the R&R and to receive the benefit of this Court's analysis of the subject. Because Plaintiff's Motion was untimely and not supported by the law or facts of this case, the Court should adopt the R&R's denial.

On December 12, 2019, Plaintiff filed a one count Complaint alleging that BANA violated the Fair Credit Reporting Act, 15 U.S.C. §1682, *et seq*. ("FCRA"), related to BANA's alleged soft

credit check inquiries that appeared on Plaintiff's consumer report. (Doc. No. 1). This lawsuit is one of six lawsuits Plaintiff has filed against BANA in this Court.[1]

On August 18, 2020, Plaintiff filed a Motion to Amend Complaint. (Doc. No. 39). On August 25, 2020, BANA filed a Response in Opposition to Plaintiff's Motion to Amend Complaint. (Doc. No. 41). Plaintiff filed a Reply to BANA's Response on September 2, 2020. (Doc. No. 43). As such, the matter was fully briefed. On October 22, 2020, Magistrate Judge West issued an R&R recommending that this Court deny Plaintiff's Motion to Amend. (Doc. No. 52). Following Plaintiff's Objection, This Court entered an Order denying Plaintiff's Motion to Amend on November 17, 2020. (Doc. No. 63). That Order is the subject of Plaintiff's Motion.

Plaintiff filed this Motion on July 26, 2021, asking this Court to vacate its November 17, 2020 Order under Federal Rule of Civil Procedure 60(b)(1) and (2) "so that plaintiff may proceed with his case, civil action no. 2:20-cv-03778-BHH to seek justice and to discover further facts which are essential to plaintiffs' claims and defenses."[2] (Doc. No. 103, p.15). In his Motion, Plaintiff stated that he filed the Motion to "give the court the opportunity to correct its mistakes that are of a substantive legal nature." *Id.* at p. 1. Because Plaintiff's Motion is both untimely and improper under controlling Fourth Circuit law, this Court should deny Plaintiff's Motion.

   a. Legal Standard

Rule 60(b) allows the court to relieve "a party ... from a final judgment, order, or proceeding" due to (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud ..., misrepresentation, or misconduct"; (4) a void judgment; (5) a

---

[1] The Court's records reflect that Plaintiff has filed 5 other separate actions against BANA with the court and attempted to remove a state court foreclosure action to this Court.
[2] It is unclear why granting Plaintiff's Motion to Amend would allow Plaintiff to proceed in a different case number, but nonetheless, Plaintiff has failed to identify appropriate grounds for reconsideration, and his Motion should be denied.

2

satisfied, released, or discharged judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind ... it is not authorized by Rule 60(b)." *Id.* at 313. "A motion for reconsideration under Rule 60(b) is addressed to the sound discretion of the district court and ... [is] generally granted only upon a showing of exceptional circumstances." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citation and internal quotation marks omitted). Finally, motions for reconsideration under Rule 60(b) must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Pro. 60(c).

**b. Plaintiff's Motion is Untimely.**

First, Plaintiff's Motion, which he filed more than eight months after entry of the November 17, 2020 Order, is untimely under the Federal Rules of Civil Procedure. For all motions brought under Rule 60(b), the motion must be brought "within a reasonable time." *Id.* For motions brought under Rule 60(b)(1-3), the Rules state that the outer limit of what a "reasonable time" can mean is one year from entry of the subject order. *Id.* The Fourth Circuit consistently holds that motions under Rule 60(b) are untimely when they are filed "three to four months after the original judgment and no valid reason is given for the delay." *McLawhorn v. John W. Daniel & Co.,* 924 F.2d 535, 538 (4th Cir. 1991) (upholding denial of Rule 60(b) motion brought three and one half months after entry of the judgment); *see also Central Operating Co. v. Utility Workers of America*, 491 F.2d 245 (4th Cir.1974*)* (upholding denial of Rule 60 motion based upon four month delay); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th

3

Cir.1967) (finding no abuse of discretion for denial of motion based upon two and one half months delay).

Here, Plaintiff filed his Motion more than eight months after the entry of the November 17, 2020 Order. Plaintiff offered zero explanation for this delay and none is obvious from the record. *See generally*, Motion. Thus, under the clear precedent of *McLawhorn*, *Central Operating Co.*, and *Consolidated Masonry*, this Court should deny Plaintiff's Motion as untimely.

Moreover, BANA is prejudiced by Plaintiff's delay in this case. Discovery closed in this matter on March 15, 2021. (Doc. No. 70). BANA completed all discovery by this deadline based upon the operative Complaint, and this Court's denial of Plaintiff's Motion to Amend. Based upon the record existing at the close of discovery, BANA drafted and filed its Motion for Summary Judgment and its Reply to Plaintiff's Response in Opposition to BANA's Motion for Summary Judgment, which is currently pending. To allow Plaintiff to file an Amended Complaint and effectively restart this litigation would prejudice BANA who has spent time, money, and resources proceeding under the Rules and this Court's previous Orders. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984) ("[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense*, a lack of unfair prejudice to [any] opposing party*, and exceptional circumstances.") (emphasis added)). Because Plaintiff failed to file his Motion within a reasonable time and because that failure causes unfair prejudice to BANA, the Court should deny Plaintiff's Motion.

In his Objection, Plaintiff posits that "It is an abuse of discretion if a district court denies a parties (sic) Rule 60(b) motion as untimely if the motion is filed within the one year requirement of the district courts (sic) rules governing a Rule 60(b) motion and no summary judgment has been

4

entered closing out the entire case." Plaintiff cites no authority for this assertion and it plainly conflicts with Rule 60(b), which requires motions be brought within "a reasonable time."

Plaintiff further contends that Rule 60(b) is not even applicable because he is challenging a prior order of this Court, not the entry of judgment. While this is likely true, it only bolsters Magistrate Judge West's denial of the Motion. Consequently, Plaintiff has not raised a viable objection to the R&R.

   c. **Even if Plaintiff's Motion was Timely, Plaintiff's Motion Improperly Seeks to Relitigate Issues Already Decided by the Court.**

Plaintiff's Motion improperly asks this Court to simply "change its mind," which is improper under the Federal Rules of Civil Procedure and controlling Fourth Circuit law. Thus, the Court should deny Plaintiff's Motion.

The Fourth Circuit has made clear that where a motion seeks reconsideration of legal issues addressed in an earlier ruling, the motion "is not authorized by Rule 60(b)." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995); *United States v. Williams,* 674 F.2d 310, 313 (4th Cir.1982) (same); *Nix v. Holbrook*, No. 5:13-CV-02173-JMC, 2015 WL 1958745, at *2 (D.S.C. Apr. 30, 2015) (quoting *Williams*, 674 F.2d at 313) ("Where the motion is nothing more than a request that the district court change its mind ... it is not authorized by Rule 60(b)."); *Regan v. City of Charleston, S.C.*, 40 F. Supp. 3d 698, 702 (D.S.C. 2014) ("A motion for reconsideration is not, however, an opportunity to relitigate issues already ruled upon simply because a party is dissatisfied with the outcome.").

Here, Plaintiff asks the Court to change its mind on its November 17, 2020 Order without providing any new controlling law or facts to support that change. The parties fully briefed the issue prior to both this Court's ruling and Magistrate Judge West's Report and Recommendation.

This Court was fully apprised of the grounds for the motion prior to issuing its Order. Plaintiff has offered no new facts or controlling law that would change the Court's analysis.

Plaintiff counters that he is not seeking reconsideration and, instead, is asking the Court to "correct its mistakes." Motion, p. 1. This is a distinction without a difference. *See, e.g.*, *CNF Constructors, Inc.*, 57 F.3d at 401. Because Plaintiff's Motion is improper under Fourth Circuit law and under the Federal Rules of Civil Procedure, the Court should deny Plaintiff's Motion.

## II.     THE MAGISTRATE JUDGE DID NOT ERR IN SECTION I OF THE R&R BY FAILING TO LIST ADDITIONAL POTENTIAL VIOLATIONS.

Plaintiff's second basis for objection asserts that the R&R does not acknowledge additional credit inquiries on account ending in 5876 in May 2017, which he learned of through discovery. In Section I, the R&R merely describes factual background alleged in the Complaint and cannot possibly be objectionable. Further, the R&R specifically acknowledged and analyzed the credit inquiries Plaintiff asserts in his Objection. (Doc No. 110, p 8.) Thus, Plaintiff's Objection is misplaced.

## III.    THE MAGISTRATE JUDGE DID NOT ERR IN SECTION III OF THE R&R IN ITS INTERPRETATION OF THE FCRA.

Plaintiff raises a raft of objections to the R&R's interpretation of the FCRA and application of the summary judgment standard. These objections were largely addressed in the R&R and fail to raise new issues.

First, in addition to unfounded allegations of bias and prejudice, Plaintiff's objection appears to concern Magistrate Judge West's reading of 15 U.S.C. § 1681b(a)(3)(A). Specifically, Plaintiff appears to dispute the R&R's conclusion that a furnisher demonstrates a permissible purpose for making a credit inquiry if it "has reason to believe" it is for a permissible purpose. However, this conclusion is supported by *Glanton v DirectTV, LLC*, 172 F.Supp.3d 890 (D.S.C.

6

2016). Moreover, Plaintiff's objection fails to persuasively argue this issue is even dispositive. The R&R notes that BANA demonstrated compliance under both § 1681b(a)(3)(A) and (F).

Second, Plaintiff asserts summary judgment is premature, more discovery is required and that he has raised genuine issues for a jury to decide. Magistrate Judge West considered and rejected each of these concerns. The R&R specifically found that the question of permissible purpose is a legal question where no factual dispute exists. *See, e.g., Korotki v. Thomas, Ronald & Cooper, P.A.*, 1997 WL 753322, at *2-3 (4th Cir. 1997). The R&R further holds Plaintiff cannot demonstrate a genuine issue of fact through precatory impeachment of Defendant's evidence. *See, e.g., Wilson v. Clancy,* 747 F.Supp. 1154, 1158 (D.Md. 1990). Lastly, the R&R denied Plaintiff's motion to revisit leave to amend and further discovery, therefore, Plaintiff is precluded from advancing a need for additional discovery as an objection to the R&R's decision on the merits.

Third, Plaintiff contests Defendant's Motion to Strike Sur-Reply, which he also denies receiving. However, the R&R denied Defendant's Motion to Strike Sur-Reply as moot and included Plaintiff's Sur-Reply arguments. (Doc. No. 110, p 5.) Consequently, Plaintiff has already prevailed on this issue.

Fourth, as he did in his Response to BANA's Motion for Summary Judgment (ECF No. 87), Plaintiff contests the admissibility of declaration submitted in support of BANA's motion for summary judgment. These declarations are admissible both as sworn testimony and under the business records exception to hearsay under Federal Rule of Evidence 803(6). Plaintiff has failed to demonstrate otherwise.

Fifth, for multiple reasons, Plaintiff attacks the R&R's central conclusion that BANA demonstrated a permissible purpose for accessing his credit information after the mortgage was assigned to a third-party and/or servicing rights were assigned to another servicer. The R&R,

7

however, provides a detailed explanation for BANA's permissible purpose(s) subsequent to these transfers. Plaintiff does not dispute (through evidence) any of the facts Magistrate Judge West cited in support. Nor does Plaintiff refer to any authority contrary to the R&R, which relies on clear, well-reasoned decisions from the District of South Carolina and other jurisdictions. Therefore, Plaintiff has failed to raise a valid objection and is merely re-arguing issues already decided against him.

Finally, Plaintiff contends Magistrate Judge West erred by failing to liberally construe his pleadings. However, the R&R decided Defendant's motion for summary judgment under Rule 56 and was not predicated on a construction of the viability of Plaintiff's Complaint.

## **CONCLUSION**

For the reasons stated above, BANA respectfully requests that this Court adopt the R&R. This is the 2nd day of November 2021.

>/s/ T. Richmond McPherson III_____
>Robert A. Muckenfuss (SC Federal Bar #7333)
>T. Richmond McPherson III (SC Federal Bar #11214)
>**MCGUIREWOODS LLP**
>201 North Tryon Street, Suite 3000
>Charlotte, North Carolina 28202
>Telephone: (704) 343-2052
>Facsimile: (704) 444-8707
>rmuckenfuss@mcguirewoods.com
>rmcpherson@mcguirewoods.com
>*Attorneys for Defendant Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2021, the foregoing *Defendant Bank of America's Reply to Plaintiff's Objections to Magistrate's Report and Recommendation* was filed via the court's CM/ECF system and served by First Class U.S. Mail with postage prepaid upon the following:

Nelson L. Bruce
144 Pavilion Street
Summerville, SC 29483

*Pro Se Plaintiff*

s/ T. Richmond McPherson III
T. Richmond McPherson III
