**Record/FILE ON DEMAND**  U.S.P.S. Priority Mail Tracking No.: EJ961743430US

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, Sui Juris ) | |
| ) | |
| Plaintiff ) | Case No.: 2:19-cv-03456-BHH-KDW |
| ) | |
| - v - ) | NOTICE TO THE COURT |
| ) | |
| BANK OF AMERICA, N.A., et al. ) | |
| ) | |
| Defendant(s). ) | |

    This court is hereby put on notice of the following, "Plaintiff's Response to Defendant Bank of America's Reply (Dkt. No. 117)" filings attached to this Notice which should have been filed on the record in this case as of 11-9-2021 when it was delivered as it appears to have gotten lost after successful delivery to this court clerks P.O. Box 835 as proof of delivery is included with this notice along with a copy of the envelope it was mailed in. Plaintiff even emailed a copy this attached filing to **"filingdocs_ecf_chaf@scd.uscourts.gov"** including copies of the envelope the filing was mailed in as directed by the clerk of court as of 11-22-2021. Copies of the attached filings have already been mailed and delivered to the attorney of record under U.S.P.S Priority Mail No.: 9505510545831312926192 as of 11-12-2021. Please docket and file these documents on the record **(17 pages Total)** as soon as possible in accords to the date originally delivered which is 11-9-2021 as evidenced by the proof of delivery (U.S.P.S. Tracking attached). DATED this 3rd day of December, 2021.

**RESPECTFULLY PRESENTED,**                                                  "Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Petitioner, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
c/o 144 Pavilion Street, Summerville, South Carolina 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

**Record/FILE ON DEMAND**

CLERK, CHARLESTON, SC

2021 DEC -7 AM 9:43

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce, Sui Juris ) | |
| ) | |
| Plaintiff ) | Case No.: 2:19-cv-03456-BHH-KDW |
| ) | |
| - v - ) | PLAINTIFF'S RESPONSE TO |
| ) | DEFENDANT BANK OF AMERICA'S |
| BANK OF AMERICA, N.A. ) | REPLY TO **MAGISTRATE JUDGE'S** |
| (A.K.A. BANK OF AMERICA), et al. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |

Comes now Plaintiff, **Nelson L Bruce**, above the age of 18, of the age of the majority, with the exercise of any and all his natural reserved and retained rights hereby respectfully presents his Plaintiff's Response to Defendant Bank of America's Reply to **Magistrate Judge's Report and Recommendation**, filed 11-2-2021 and received by plaintiff on 11-5-2021 by mail.

## Plaintiff's Further Objections to Magistrates R&R

Plaintiff brings to this courts attention that Defendant claims that their May inquiries were for an account review and for collections but they have failed to produce any evidence directly from Transunion documenting and evidencing the specific reason for their inquiry request for plaintiff's consumer report. They have only provided hearsay, they have only produced a self-created document which only evidences the date BANA requested an inquiry and the account for which the specific inquiry was related to (see…ECF No. 86, defendants exhibit 1), it does not document the exact permissible purpose reason for the inquiry such as for "review or collections" which appears to be a requirement by Transunion when requesting a consumers report in order for TransUnion to "reasonably believe" there was a permissible purpose which would determine if the plaintiffs report was obtained under false pretenses therefore plaintiff objects as more discovery is needed.

Defendant has failed to produce plaintiffs specific discovery requested in his "first set of requests for discovery" which specifically requested that defendant, "Produce all records evidencing requests for credit pulls of plaintiff's credit report with Experian, Equifax, and Transunion from March 2017 to present (see…ECF No. 55, pg. 6, paragraph 49)", and "third set of requests for discovery, request for production no. 1" (see…exhibit H) which is similar to the first set of discovery request above as the third set specifically requested that defendant, "Please produce a certified copy of any and all records that document and specifically identify the exact dates you created credit inquiries (Soft and Hard pulls) with Transunion, Equifax, and Experian to review plaintiff's credit report from May 1, 2017 to December 31, 2019. Please make sure the documents produced specifically identify each credit bureau the inquiries were created from". which is the only request for discovery that this court ordered in a bias/prejudicial way when granting defendants protective order against plaintiff's first set of discovery (see…ECF No. 56, pg. 11) therefore should have been followed by defendant. As specified above, Plaintiff only received a self-created document from defendant which appears to only evidences the date the inquiry was requested by BANA and the account the inquiry was related to.

Defendant failed to produce evidence of the exact inquiries requested from Transunion which evidences the exact permissible purpose reason they requested the May inquiries/credit pulls of plaintiff's credit report with Transunion. It appears that Transunion documents and keeps records of all their consumer credit report requests, which evidences the permissible purpose reason selected for a consumer's credit report therefore it is vital to subpoena this information form Transunion. Defendant has failed to produce discovery to the plaintiff which documents the exact inquiry reason selected when plaintiff's consumer report was requested from "Transunion". Each specific inquiries requested with Transunion in May of 2017 would document and evidence the exact permissible

person reason that was selected by BANA either for review or collection purposes when they requested plaintiff's consumer credit report multiple times in May of 2017 which would have gave Transunion " a reason to believe" that BANA had a permissible purpose which is the subject matter of this case, therefore plaintiff objects to the magistrates R & R as more discover is needed which is material to the facts of this matter which BANA has failed to produce to plaintiff as discovery even when ordered by the court. For these reasons, any requests for summary judgment should be delayed until appropriate discovery and evidence has been produced or denied and this court should direct the defendant to produce all discovery relating to plaintiffs specific discovery requests presented above and if refused or BANA claims they do not have the ability to see the Transunion May 2017 inquiries any longer, this court should allow plaintiff to subpoena Transunion for these specific inquiry requests which they appear to keep record of that would document the exact permissible purpose reason selected when BANA requested plaintiff's consumer report from Transunion before any summary judgments requests can be considered as there are genuine disputes of material fact that exist which include outstanding discovery that was limited by the court in a bias and prejudicial manner that is material to the disputed facts of this case pertaining to the alleged accounts of plaintiff with BANA that would aid in presenting the merits of this matter as further discovery would pinpoint the exact permissible purpose reason selected for all the May 2017 inquiry requests for plaintiffs consumer credit report with Transunion, the specifics authorities of the Power of Attorney given by Defendant regarding their rights in plaintiffs alleged mortgage, and the exact date the alleged mortgage loan was sold and who it was sold to.

## PLAINTIFFS RESPONSE TO DEFENDANTS ARGUMENT

### Response to section ("I") "a" and "b"

Plaintiff further adds to his objections (ECF No. 116, pgs. 1-4) and brings to this courts

attention that, plaintiffs motion to amend was denied on 11-17-2020 (ECF No. 63) of which plaintiff immediately appealed on 11-30-2020 (ECF No. 66) which gave the Appeals court jurisdiction over that matter so district court no longer had jurisdiction over the appealed matter. On or about 4-19-2021, a mandate was issued giving the court jurisdiction over the appealed matter again (ECF No. 79). Within 3 months of the mandate, plaintiff filed his motion to vacate (ECF No. 103). Even if the Federal Rules required 3-4 months to file a Rule 60 (b) motion after an order in order for it to be a reasonable time which it does not, for reasons (1), (2), and (3) as clearly specified under Fed. Rule 60(c), this would qualify as an extraordinary circumstance because the district court did not have jurisdiction over the matter after it was appealed and therefore Plaintiff's motion to vacate is timely filed therefore plaintiff objects. If the Federal Rule required that for a Rule 60(b) motion be filed within 3-4 months, this would defeat the purpose of the federal rules requiring reasons 1, 2, and 3 being able to be filed no more than a year after the entry of the judgment or order or the date of the proceeding (Fed. R. Civ. Pro. 60(c)) therefore the 4th circuit decision conflicts with the Federal District Courts Rules. If the rules required a 3-4 month timeframe to file a Rule 60(b) motion as the reasonable amount of time, it would clearly state that under Rule 60 (c) as it does for the 1 year requirement which plaintiff has followed therefore plaintiff objects. Again, the Fourth Circuit consistent holdings only appear to refer to entry of a judgment which is not the case here where an order was placed only. A Judgment and Order are different therefore the 4th circuit rulings are not applicable in this matter and plaintiff objects. Also vacating this order will not prejudice the defendant because discovery already closed in this matter as BANA claims (ECF No. 105, pg. 5) because plaintiff is not asking for discovery in regards to the amended complaint in this case. Plaintiff clearly requested the order (ECF No. 63) deny his amended complaint be vacated that this issue can be further addressed as the case proceeds

in civil action no. 2:20-cv-03778-BHH (see…ECF No. 103 pgs. 14-15) therefore plaintiff objects to these allegations of prejudice to the defendant.

## CONCLUSION

For the reasons specified above, Plaintiff specifically requests that Defendant's motion for summary judgment should be delayed or denied because there are genuine disputes of material fact that exist and there is a demand for a jury trial by the plaintiff to decide this matter and Plaintiff's motion to Vacate Orders, ECF No.'s: 96 and 103 should not be denied as untimely. Dated this 8th day of **November, 2021**.

RESPECTFULLY PRESENTED,

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o 144 Pavilion Street, Summerville, South Carolina [29483]
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list **via the: UNITED STATES POSTAL SERVICE by the UNITED STATES POST OFFICE via Postage Prepaid Priority Mail.**

**SENT TO:**

McGuire Woods LLP
Attention: Robert A. Muckenfuss & T. Richmond McPherson III
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202-2146
(704) 343-2009
*Counsel of Record Attorney for Defendant Bank of America, N.A.*

"Without Prejudice"

*Nelson L. Bruce* 11-8-21

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o 144 Pavilion Street
Summerville, South Carolina [29483]
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

Page 6|6

# EXHIBITS - H