IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Bank of America, N.A., )<br>)<br>Defendant. )<br>_____) | Civil Action No. 2:19-cv-3456-BHH<br><br>**ORDER** |

*Pro se* Plaintiff Nelson L. Bruce ("Plaintiff" or "Bruce") initially filed this action on December 12, 2019, alleging violations of the Fair Credit Reporting Act ("FCRA") against Defendant Bank of America, N.A. ("Defendant" or "Bank of America"). On November 17, 2020, the Court adopted and incorporated a Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), and which recommended denial of Plaintiff's motion to amend his complaint. (ECF No. 63.) Plaintiff appealed the Court's ruling, and the Fourth Circuit Court of Appeals denied Plaintiff's appeal in an unpublished opinion filed on March 29, 2021. (ECF No. 78.)

Subsequently, on April 30, 2021, Defendant filed a motion for summary judgment. Plaintiff filed a response in opposition; Defendant filed a reply; and Plaintiff filed a sur-reply. Defendant also filed a motion to strike Plaintiff's sur-reply. (ECF No. 99.)

On June 17, 2021, Plaintiff filed a motion to vacate a prior order entered by the Magistrate Judge, which granted in part and denied in part Defendant's motion to strike and granted Defendant's motion for a protective order. (ECF Nos. 58 and 96.) Defendant filed a response in opposition to Plaintiff's motion to vacate.

On July 26, 2021, Plaintiff also filed a motion to vacate the Court's prior order adopting the Magistrate Judge's Report and denying Plaintiff's motion to amend. (ECF Nos. 103 and 63.) Defendant filed a response in opposition.

Subsequently, on September 23, 2021, the Magistrate Judge issued a second Report, recommending that the Court grant Defendant's motion for summary judgment and dismiss this case, and that the Court deny as untimely Plaintiff's motions to vacate and deny as moot Defendant's motion to strike. Plaintiff filed objections to the Magistrate Judge's Report; Defendant filed a response to Plaintiff's objections; and Plaintiff filed objections to Defendant's response. The matters are ripe for review, and, for the reasons set forth below, the Court adopts the Magistrate Judge's Report, thereby granting Defendant's motion for summary judgment and ending this action.

## **STANDARDS OF REVIEW**

### I.     **Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II.    **Summary Judgment**

A court shall grant summary judgment if a party shows that there is no genuine

dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

In her Report, the Magistrate Judge first noted that Plaintiff has filed a number of actions in this Court related to various parties' alleged reporting of his credit scores. The Magistrate Judge explained that, in this action, Plaintiff alleges that Bank of America violated "the [FCRA] 15 USC § 1681 (b) as defined in section 604." (ECF No. 110 (quoting ECF No.1).) The Magistrate Judge thoroughly outlined the facts alleged in Plaintiff's complaint as well as Defendant's arguments in favor of summary judgment and Plaintiff's arguments in opposition. Then, after explaining the applicable law and considering the evidence presented, the Magistrate Judge found that Defendant's requests for Plaintiff's credit report satisfy both subsections (A) and (F) of 15 U.S.C. § 1681b(a)(3), and thus, that Defendant demonstrated that it had a permissible purpose in its requests for Plaintiff's

3

credit reports.[1] The Magistrate Judge disagreed with Plaintiff that the question of whether Defendant had a permissible use is one for a jury, instead finding that it is a legal question. Ultimately, based on the finding that Defendant requested Plaintiff's credit reports for a permissible purpose under the FCRA, the Magistrate Judge recommended that the Court grant Defendant's motion for summary judgment.

In his objections to the Magistrate Judge's Report, Plaintiff first asserts that he was not served with Defendant's August 2 response in opposition to his July 26 motion to vacate, and Plaintiff objects to Defendant's response in its entirety. (*See* ECF No. 116 at 1-3.) Plaintiff also objects to the Magistrate Judge's finding that his motions to vacate were untimely.

Next, Plaintiff objects to the background section of the Magistrate Judge's Report, asserting that additional FRCA violations occurred. Plaintiff objects to the Magistrate Judge's Report "as being bias[ed] and prejudicial to the plaintiff," and Plaintiff summarily objects to the Magistrate Judge's analysis section "for the reasons specified in plaintiff's opposition to summary judgment and reply/surreply." (*Id.* at 5.) Additionally, Plaintiff asserts that Defendant and the Court have misinterpreted the FCRA, and Plaintiff asserts

---

[1] Subsections (A) and (F) of 15 U.S.C. § 1681b(a)(3) provides that a consumer reporting agency may furnish a consumer report:

> (3) To a person which it has reason to believe–
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
> . . .
> (F) otherwise has a legitimate business need for the information–
>     (i) in connection with a business transaction that is initiated by the consumer; or
>     (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

that Defendant's alleged facts are not undisputed. According to Plaintiff, summary judgment is premature because more discovery is needed, and Plaintiff claims he was not served with a copy of Defendant's motion to strike his sur-reply. Plaintiff then essentially repeats the arguments presented in prior filings, and he objects to the submission of certain documents, which he contends are not originals with his wet signature. Plaintiff objects to page 10 of the Magistrate Judge's Report, asserting that he "did not initiate any new credit transactions, business transactions, nor new alleged loan[ ] transactions in regards to the alleged mortgage loan at the time of the inquiries created by BANA on May 15, May 20, and May 29 of 2017 that would grant BANA a permissible purpose to obtain plaintiff's consumer credit report . . . ." (*Id.* at 11.) Further, Plaintiff objects to the Magistrate Judge's finding that Defendant's requests for his credit report satisfy sections (A) and (F) of § 1681b(a)(3), and Plaintiff objects globally to the Report as being biased and prejudiced. Finally, Plaintiff objects to the Magistrate Judge's finding that whether a permissible use occurred is a legal question and not a factual question. In conclusion, Plaintiff states: "[T]here are clearly genuine disputes of material fact that exist regarding permissible purpose to pull plaintiff's consumer report after the account was transferred out of existence because the mortgage number was completely changed and the mortgage loan and servicing right have been sold and transferred on or before May 1, 2017 making summary judgment inappropriate as a substantive matter." (*Id.* at 15.)

After a thorough review of Plaintiff's objections, the Court finds them wholly without merit. First, the Court agrees with the Magistrate Judge that Plaintiff's motions to vacate (ECF No. 96 and 103) were both untimely filed, and the Court finds nothing in Plaintiff's objections alters this finding. Second, the Court finds that even if Plaintiff's motions to

vacate were not untimely filed, they are improper insofar as Plaintiff simply asks the Court to change its mind.

Next, the Court finds no error in the Magistrate Judge's outline of the facts alleged in Plaintiff's complaint, and the Court also finds no error in the Magistrate Judge's analysis of the FCRA or the application of the law to the record in this case. The Court agrees with the Magistrate Judge that the question of permissible purpose is a legal question, and the Court finds unavailing Plaintiff's assertion that summary judgment is premature. Ultimately, Plaintiff's objections fail to point to any factual or legal error sufficient to alter the outcome of this case. Stated differently, Plaintiff does not point to any authority contrary to the authority outlined in the Magistrate Judge's Report; nor does he point to any competent evidence to dispute the facts cited by the Magistrate Judge in support of her findings. Rather, Plaintiff's objections largely rehash arguments the Magistrate Judge considered and rejected, and the Court finds that a de novo review of the record indicates that the Magistrate Judge's Report accurately summarized the case and the applicable law. Accordingly, the Court affirms the Magistrate Judge's Report and grants Defendant's motion for summary judgment.

## **CONCLUSION**

Based on the foregoing, it is hereby ordered that Plaintiff's objections (ECF No. 116) are overruled; the Magistrate Judge's Report (ECF No. 110) is adopted and specifically incorporated herein; Defendant's motion for summary judgment (ECF No. 83) is granted; Plaintiff's motions to vacate (ECF Nos. 96 and 103) are denied as untimely; Defendant's motion to strike Plaintiff's sur-reply (ECF No. 99) is denied as moot; and this matter is ended.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 10, 2022
Charleston, South Carolina

7